Commonwealth, Appellant, *v.* Haynes.

Argued March 19, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Ralph B. D'Iorio,* Assistant District Attorney, with him *Vram Nedurian, Jr.* and *John R. Graham,* Assistant District Attorneys, *William R. Toal, Jr.,* First Assistant District Attorney, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellant.

*Carmen P. Belefonte,* with him *Kassab, Cherry, Curran & Archbold,* for appellee.

OPINION BY WATKINS, J., June 11, 1970:

This is an appeal by the Commonwealth from the decision of the Court of Common Pleas of Delaware County suppressing evidence. The defendant-appellee, Horace Haynes, was arrested on November 19, 1968, charged with Traffic in Lottery Tickets, in violation of The Penal Code of 1939, P. L. 872, §601 and §602, 18 P.S. §4601 and §4602. The defendant filed a petition to suppress the evidence, namely numbers slips, obtained at the time of the arrest, on the ground that the search warrant was illegal. The court suppressed the evidence and the Commonwealth appealed.

The record indicates that three state troopers were sworn before the justice of the peace that issued the warrant. The complaints for the warrant were reduced to writing and signed by Sergeant McKenna after Trooper Kardash had testified, under oath, as to the particulars of their investigation which led to the request for the warrant.

The Affidavit reads as follows: "Tprs. Metro Kardash & James Palya received information (confidential) that a colored male was a pickup man for a numbers operation in the city of Chester, operating a Light Blue Dodge, who makes regular pickups in the area of Front & Concord St., Chester, Penna. This information was received from a confidential informant who

has given these officers information of this type in the past, which has proven true and correct, from which convictions have resulted."

It is now well established that sworn oral testimony may be considered along with the facts reduced to writing presented to the magistrate to justify a finding of probable cause. *Commonwealth v. Rose,* 211 Pa. Superior Ct. 295, 235 A. 2d 462 (1967), and *Commonwealth v. Crawley,* 209 Pa. Superior Ct. 70, 223 A. 2d 885 (1966).

The following facts were presented to the justice of the peace in the testimony of the officer: the police had received information from an informant, not disclosed; the informant told them that a man in a Blue Dodge had taken over the numbers route which was vacated by a man named Saunders who had been arrested for numbers; as a result of this information, the police spotted the Blue Dodge, licensed IM 9029; a check of the license proved that it was issued to the defendant, Horace Haynes; the car was placed under surveillance and it was first seen at the Penn Casting Company plant in Chester at 1 p.m.: a man, by the name of Fontaine, also under investigation for gambling, was seen coming out of the factory and he handed a package to Haynes; the operator was followed as he made various stops and pickups similar to the stops and pickups made by Saunders; six such stops and pickups were made; the informant in this case was the same one who had informed in the Saunders' case in which the information proved accurate; he had described the same route and the same activity in both cases; the witness testified that the prior pickup man, Saunders, had been under surveillance as he followed this same route and that proof was obtained as a result of the arrest that Saunders was engaged in the numbers business; the police witnesses gave the justice of the peace the spe-

cific dates of November 7, 8, 12, 13, 14, 15, 18, when Haynes was followed and his activity observed.

The court suppressed the evidence obtained by use of the warrant on authority of *Aguilar v. Texas,* 378 U.S. 108, 12 L. ed. 2d 723, 84 S. Ct. 1509 (1964) and *Spinelli v. United States,* 393 U.S. 410, 21 L. ed. 2d 637, 89 S. Ct. 584 (1969). This was error as in both cases the warrants were stricken down on the face of the affidavits themselves, no testimony of additional facts was given to the magistrate. The court determined that the contents of the affidavits were mere conclusions. This is not the situation in the instant case.

In *Aguilar v. Texas,* supra, the Affidavit that was stricken down was as follows: "Affiants have received reliable information from a credible person and do believe that heroin, marijuana . . . are being kept at the above-described premises for the purpose of sale and use contrary to the provisions of the law."

This was the only information presented, unlike the instant case. In a footnote (1) to its opinion in 12 L. ed. 2d at 725, the Supreme Court said: "The record does not reveal, nor is it claimed, that any other information was brought to the attention of the justice of the peace. . . Moreover, there is no evidence in the record that a surveillance was actually set up on petitioner's house. Officer Strickland merely testified that 'we wanted to set up surveillance on the house.' If the fact and results of such a surveillance had been appropriately presented to the magistrate, this would, of course, present an entirely different case."

In *Spinelli v. United States,* supra, where a warrant was struck down the Court pointed out that there were certain well established propositions with regard to the standards applicable to determination of probable cause: only probability and not a prima facie showing of criminal activity is a standard of probable cause;

*Beck v. Ohio,* 379 U.S. 89, 13 L. ed. 2d 142, 85 S. Ct. 223 (1964); in judging probable cause, issuing magistrates are not to be confined by limitations on the use of their common sense; *U. S. v. Ventresca,* 380 U.S. 102, 13 L. ed. 2d 684, 85 S. Ct. 741 (1965); and the magistrate's determination should be given great deference by reviewing courts. *Jones v. United States,* 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725 (1960).

In the *Spinelli* case, the Supreme Court determined that the affidavit contained only the conclusions of the informant. In the instant case, the informant advised the police that Haynes had succeeded as a pickup man to Saunders who had been arrested upon the information from the same man and proof obtained of numbers operation. The police, based on this information, placed a surveillance on Haynes and followed him over the identical route and watched the identical deliveries that resulted in the arrest of Saunders. This is not just a conclusion of the informant, but the police by their surveillance as testified to the justice of the peace found the information to be accurate. Under such circumstances, the activity, together with the testimony given by the police, presented an entirely different case.

Further, in *Spinelli v. United States,* supra, the Supreme Court observed that the defendant's "travels to and from the apartment building and his entry into a particular apartment . . . could hardly be taken as bespeaking gambling activity; and there is surely nothing unusual about an apartment containing two separate telephones." This is a far cry from the testimony concerning surveillance in the instant case.

We agree with the Commonwealth that the Justice of the Peace in the case at bar objectively viewed what was before him and issued the warrant in a common sense decision that probable cause existed. He did not,

as in *Aguilar v. Texas,* supra, and *Spinelli v. United States,* supra, simply accept conclusions but made the decision based on facts and circumstances that established probable cause within the guidelines provided by those decisions.

The decision of the court below is reversed with a procedendo.