Opinion by
 

 Watkins, J.,
 

 This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division, of Mercer County, by the defendant-appellant, Richard
 
 *129
 
 Louis Whitehouse, after conviction before a Judge without a jury on three counts of burglary and larceny.
 

 The question before this Court, on appeal, is the admission of certain incriminating admissions made by the defendant to police officers after the service of a search warrant found by the court below to be illegal for want of probable cause after a Suppression Hearing.
 

 The Order of Suppression reads as follows:
 

 “Order
 

 “And Now, on this 16th day of June, 1970, it is hereby ordered that the rule to show cause why physical evidence should not be suppressed is made absolute. The Commonwealth may not at the trial of any of the cases as set forth in paragraph one of the findings of fact of this opinion introduce into evidence any of the physical evidence secured as a result of the issuance of the invalid initial search warrant, the second search warrant concerning the McCandless home or any articles discovered for which there was no search warrant during the course of the search.
 

 “The rule to show cause as to oral statements is made absolute only as to the initial oral statement concerning the television set stolen from Goodyear Supply Store of Grove City, Pennsylvania. All other statements of confessions and admissions made while the defendant was at his residence and prior to his arraignment before a district magistrate may be received into evidence and the time, place and circumstances of the making of the statement may be recited to the jury by competent evidence. Statements made by the defendant as he pointed out the location and description of certain stolen goods throughout the house while accompanying the officers on their search may not be introduced into evidence as being so closely allied and associated with the search upon a warrant issued without probable cause. Statements as to other
 
 *130
 
 unrelated crimes for which, the defendant is not presently being tried may not be introduced in evidence.
 

 By the Court:
 

 /s/ Albert E. Acker, J.”
 

 The Commonwealth was in no position in the face of this order to appeal the court’s finding that the warrant was defective as it was in a position to proceed with trial on the statements not suppressed and conviction followed on the basis of that evidence.
 

 The defendant now attacks the Order of Suppression in this appeal on the ground that all statements made by the defendant in the home under the circumstances of the confrontation by a group of police officers were tainted by the illegal search warrant so that the court committed reversible error in admitting the statements.
 

 The police in this case, made an intensive investigation of a series of burglaries perpetrated in Mercer County by an alleged burglary ring. Based on their investigation, the police appeared before the magistrate for the purpose of obtaining a search warrant of the residence of the defendant.
 

 The following facts were given to the magistrate:
 

 A few days before December 14, 1969, two white males and one white female entered the Goodyear Store in Grove City, asking for the adjustment of a carburetor. The mechanic on duty could find nothing wrong with the carburetor and he concluded that, in his own words, the three strangers were “casing the place”. The vehicle at this time bore a Nevada registration plate.
 

 On December 14, 1969, the same persons were back at the Goodyear Store in the same vehicle, again seeking a carburetor adjustment. Again, the same mechanic found nothing wrong, but, again, by their action, he concluded they were checking the building. That same night the Goodyear Store was burglarized.
 

 Webster, the mechanic at the Goodyear Store, had discussed the three people and the 1962 blue Mercury
 
 *131
 
 car with an attendant of Miller’s Gulf Station in Grove City. At about 7:30 p.m. on January 8, 1970, a 1982 blue Mercury was driven into Miller’s Gulf Station. Two white males and one white female ranging in age between 25 and 30 years, answering the description given to the attendant about the people at the Good-yea)1 Store, were in the vehicle. They asked to have the lighting system repaired. The car then bore a Pennsylvania registration number. They were very much interested in examining the Golden Dawn Store and the Montgomery Builders’ Supplies store located across the street from Miller’s. There seemed to be nothing wrong with the lighting system in the car. Between 9:30 and 12:00 midnight the stores in which they expressed an interest were burglarized. Among the items stolen was cash amounting to Seven Hundred ($700.00) Dollars.
 

 A check on the Nevada license number disclosed that the 1962 blue Mercury was registered in the name of Kathryn R. Melton, 1205 Grandview Road, Reno, Nevada. The registration check on the 1962 blue Mercury Pennsylvania license number showed that it had been issued to Kathryn R. Melton, P. O. Box 153, Sharon, Pennsylvania. Richard. Harris had registered Post Office Box No. 153 in the name of Kathryn R. Melton. A sum of $200.00 had been deposited in the name of Kathryn R. Melton in the Seneca Bank in Sharon, Pennsylvania on January 9, 1970, the day after $700.00 was stolen from the Golden Dawn Store.
 

 The investigation finally led police to a home located at the intersection of Routes 79 and 58 where the 1962 blue Mercury was seen in the garage. The house was rented to two males and one female and two children. The adults were Richard Harris, James Davis (Whitehouse) and Kathryn R. Melton. The loot from the three burglaries was found in the home, in fact, the defendant in trying to absolve Harris and Melton, despite all warnings of his rights, insisted on
 
 *132
 
 pointing out the stolen articles and his guilt of the burglaries.
 

 It was also disclosed to the magistrate that at the time of the renting of the house, it was unfurnished and they moved in with only a television set. Subsequently, the home was furnished, although the men were unemployed roofers. The bank account and the post office box were in Sharon, some 18 miles away from Mercer, which was just four miles from the home. There was also evidence given to the magistrate that there was a herringbone print on a boot that was found in one of the garages, but the testimony was quite conflicting and Judge Acker properly ignored this portion of the testimony.
 

 The “judgment of the trial court may be affirmed on appeal where it is correct on any legal ground or theory, regardless of the reason or theory adopted by the trial court.” 2
 
 P.L.E. Appeals,
 
 §339 (1957) (citing cases). See,
 
 Platt v. Philadelphia,
 
 183 Pa. Superior Ct. 486, 495-496, 133 A. 2d 860 (1957);
 
 Commonwealth ex rel. Paige v. Smith,
 
 130 Pa. Superior Ct. 536, 547, 198 Atl. 812 (1938). In
 
 Commonwealth v. Marks,
 
 442 Pa. 208, 210, 275 A. 2d 81 (1971), the Supreme Court said: “On appeal, it is the judgment or order itself which is the subject of review, not the reasons given by the court below in support of its action.”
 

 Without discussing the reasoning by which the court below upheld the judgment of sentence, this Court sustains the judgment on entirely different reasoning, to wit: that there was probable cause for the issuance of the warrant so that the statements were not tainted and were properly admitted.
 

 In determining whether probable cause exists, all of the sworn statements given to the magistrate are to be considered not only those contained in the affidavit for the warrant.
 
 Commonwealth v. Crawley,
 
 209 Pa. Superior Ct. 70, 223 A. 2d 885 (1966). Only probability
 
 *133
 
 and not a prima facie showing of criminal activities is a standard of probable cause and in judging probable cause the magistrate should not be confined by limitations on his commonsense.
 
 Commonwealth v. Haynes,
 
 218 Pa. Superior Ct. 13, 268 A. 2d 152 (1970);
 
 Commonwealth v. Altizer,
 
 213 Pa. Superior Ct. 201, 245 A. 2d 692 (1968), as affirmed in 436 Pa. 611 (1970);
 
 United States v. Ventresca,
 
 380 U.S. 102, 85 S. Ct. 741, 13 L. Ed. 2d 684 (1965). In the
 
 Ventresca
 
 case, the Court said at page 109: “Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded warrants.”
 

 In the instant case, the testimony of the employees of the suspicious actions of the people involved; the use of the car under two registrations and the burglaries taking place right after the visits surely stretches commonsense to be found just coincidental. It is important, too, that in this case the evidence presented to the magistrate did not come from professional informants, but from ordinary citizens, employees of small business places that were robbed. The witnesses lived and worked in the community and their reliability under such circumstances should be assumed.
 

 This Court, like others, has held that corroboration affords a sufficient basis for crediting an informant.
 
 Commonwealth v. Dial,
 
 218 Pa. Superior Ct. 248, 276 A. 2d 314 (1971), as affirmed on this point in 445 Pa. 251 (1971). See also,
 
 Draper v. United States,
 
 358 U.S. 307, 79 S. Ct. 329, 3 L. Ed. 2d 327 (1959);
 
 United States v. Harris,
 
 403 U.S. 573, 91 S. Ct. 2075, 29 L. Ed. 2d 723 (1971).
 

 The hearing in this case before the magistrate lasted almost three hours and indicated with great certainty
 
 *134
 
 that this magistrate was exercising his duty to determine objectively the existence of probable cause. He was certainly not a “rubber stamp” for the police.
 

 Judgment of sentence affirmed.