**Commonwealth v. McKinney**

*Joseph J. Nelson*, District Attorney, for Commonwealth.

*Joseph Valentino*, *Timothy McNickle* and *William Rundorff*, for defendants.

ACKER, J., March 6, 1974.—Defendants, Rhoads and Reardon, have filed motions to suppress physical evidence. Defendant, McKinney, in addition to such a motion, also requests that the indictment be quashed. All defendants are charged with possession of controlled substances under the Controlled Substance, Drug, Device and Cosmetic Act.[1]

Defendants through their motions and oral argument present two contentions. They are discussed as follows:

*1. That the warrant is defective because District Magistrate Frank J. Tamber did not set forth in the warrant his authority to act out of his judicial district in the issuance of the warrant.*

Pennsylvania Rule of Criminal Procedure 152 permits the president judge of a judicial district to assign temporarily the issuing authority of any magisterial district to serve another magisterial district whenever such assignment is required for the effective administration of justice. Whenever such assignment is made under this rule, it is provided by the rule that notice of such assignment shall be filed with the clerk of the

---

[1] Act of April 14, 1972, P. L. 165 (No. 64), sec. 1, et seq., 35 PS § 780-101, et seq.

court of common pleas where it will be available to police agencies and other interested persons.

Pursuant to that order on November 24, 1972, President Judge John Q. Stranahan entered an order establishing a schedule of temporary assignments to act where the district magistrate therein named on a particular date was to act as issuing authority at other than the regularly scheduled and posted office hours, provided that, if requested in an emergency situation, a district magistrate may, at his discretion, act for another district magistrate at anytime.

November 22, 1973, was Thanksgiving Day and the courthouse was closed. Friday, November 23rd, was a regular work day and there is no specific assignment of that day to District Magistrate Tamber or any other district magistrate for the day of the issuance of this search warrant. The order is for assignment for a week at times other than the regularly scheduled and posted office hours. Frank J. Tamber was assigned for the week commencing November 19, 1973. The application for search warrant was at some time between 8:30 p.m. and midnight of November 23, 1973. Therefore, it was during the period that the issuing magistrate was assigned for this responsibility.

The authority to make temporary assignments contained in the former Rule 152, now captioned Rule 23,[2] permits, whenever it is required for effective administration of justice, a temporary assignment of the issuing authority of any magisterial district to serve in another magisterial district. Notice of such rule must be filed with the clerk of the court of com-

---

[2] The most recent amendment was effective January 1, 1974, while the former Rule 152 was adopted January 16, 1970. Therefore, Rule 152 is applicable in this case in that the search warrant was issued on Noember 23, 1973.

mon pleas where it will be available to the police agencies and other interested persons.

Wherefore, the assignment was proper.

Defendants contend, however, that notice of that assignment must be contained in the complaint and affidavit for search warrant despite the Pa. R. Crim. P. which gives notice to the public by making the assignment available when posted with the clerk of the court of common pleas. Defendants rely on Pa. R. Crim. P. 2003.[3] It deals with the requirements for issuance of a search warrant. There is nothing in the language of the rule which requires that the district magistrate set forth his specific authority to sit in the judicial district in which the building to be searched is located. However, by application of Commonwealth v. Milliken, 450 Pa. 310, 300 A. 2d 78 (1973), it is contended that, because oral testimony is required to supplement the search warrant for the failure to show authority, a warrant must fail. There are several fatal deficiencies in defendants' reasoning. First, Commonwealth v. Milliken, supra, does not deny oral testimony. Rather, the court states, page 314:

"Despite the obvious desirability of having all the information before the magistrate in writing, we are *not persuaded that the affiant's sworn oral testimony may not supplement his written affidavit and together supply the constitutional basis for the issuance of a search warrant.*"

The court did express its preference for having the matter reduced to writing. However, subsection (b) of the rule changes the procedure discussed in Commonwealth v. Milliken, supra, and Commonwealth v. Crawley, 209 Pa. Superior Ct. 70, 223 A. 2d 885 (1966).

---

[3] This rule was adopted March 28, 1973, to become effective for warrants issued 60 days hence.

affirmed per curiam 432 Pa. 627, 247 A. 2d 226 (1968), by denying the use of oral testimony before the issuing authority unless it is reduced to an affidavit prior to the issuance of the warrant. All affidavits in support of an application for search warrant must be sworn to before the issuing authority prior to the issuance of the warrant.

The evil causing the eventual change of the procedural rules to deny even sworn oral testimony before a district magistrate, which is not reduced to writing, was to attempt to prevent after-thought testimony in order to support a warrant when its validity was attacked in court. That theory has no application to the problem presently for determination. The authority of the district magistrate is set forth by court order which by procedural rule must be filed and available to the public. Therefore, there is no opportunity for perjured testimony.[4]

Wherefore, it is concluded that the warrant in this case was properly issued as to the first contention raised by defendant.

*II. Is there sufficient contained in the search warrant to permit the magistrate to make an independent judgment that the information was credible or the informant reliable?*

The United States Supreme Court in Aguilar v. Texas, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964), followed by Spinelli v. United States, 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969), set forth a twofold test to determine the initial validity of the informant's tip. The parties agree that there was suffi-

---

[4] This court specifically reserves the issue of whether a district magistrate without the benefit of an assignment from the president judge of the court of common pleas of the county in which he is serving may issue a search warrant for property in a magisterial district other than his own.

cient underlying circumstances to enable the magistrate independently to judge the validity of the conclusion of the affiant that there were narcotics on the subject premises.[5]

The second prong of the Aguilar test is that contested; that is, that the affiant did not support his claim that the informant was credible or the information reliable. To determine this, it is necessary to examine the information contained in the search warrant.

There; it is learned that at approximately 8:30 p.m. on Friday, November 23, 1973, a confidential informant entered the upstairs apartment of the subject premises for the purpose of purchasing one ounce of marijuana known as a "lid." The informant was stripped-searched at the Farrell Police Department by a member of the department immediatley prior to going to the subject address. The informant's car was likewise searched by the police. It was determined that there was no marijuana in the vehicle or upon the informant. Fifteen dollars was given to the informant in money identified by serial numbers. The informant was kept under surveillance by the police until the informant entered the subject apartment. The informant was seen by the police leaving and returned directly to the Shenango Valley Narcotics Unit. The informant delivered one plastic baggie of what was believed to be marijuana at approximately 8:30 p.m. This was tested through a field test and found to be positive for marijuana. At about 8:50 p.m. of that same night, the informant was again stripped-searched and

---

[5] This is amply supported by the informant being given marked money to enter the premises and, being searched upon returning, having marijuana obviously obtained while in the premises.

the automobile was searched and both searches were negative for any controlled substance.

The informant told the affiant that the person who sold the marijuana was a male Caucasian known only as "Jerry" approximately 19 years of age, approximately 5' 10", short blond hair, about 150 pounds with blue or green eyes who made the sale in the subject premises on that time and date. The informant also advised that while present in the same apartment on November 22, 1973, the informant witnessed the same person sell marijuana to other persons. The informant provided a drawing of the layout of the apartment of the second floor where the sale took place which was given to the magistrate and is attached to the search warrant. It is claimed that all of the above is insufficient.

Probable cause exists for a search warrant where facts and circumstances, which are within the affiant's own knowledge and of which he has reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that a search should be conducted: Commonwealth v. Thomas, 448 Pa. 42, 292 A. 2d 352 (1972).

Only probability and not a prima facie showing of criminal activity is a standard of probable cause and, in judging probable cause, the magistrate should not be confined by limitations of what is common sense: Commonwealth v. Whitehouse, 222 Pa. Superior Ct. 127, 292 A. 2d 469 (1972).

Corroboration affords a sufficient basis for crediting an informant: Commonwealth v. Whitehouse, supra, page 133.

An informant who gives such detail that it is extremely doubtful that the informant is not speaking of first-hand knowledge has met the second prong of the Aguilar-Spinelli test. This is best demonstrated

in Draper v. United States, 358 U. S. 307, 79 S. Ct. 329, 3 L. Ed. 2d 327 (1959).

Statements of an informant may be combined with physical findings to create probable cause. So in Commonwealth v. Thomas, supra, six days after the body of a decedent had been discovered, a search warrant was issued for the premises of a three-story brick building in which defendant occupied a first floor comprising rear living quarters and a shoe repair shop. An examination of decedent's clothing by chemical testing in a laboratory concluded that material which would normally be found in a shoe repair shop was upon the body of the decedent. Decedent was discovered 50 feet from the rear of defendant's shoe shop. It was the only shoe shop in the immediate area. An analysis of decedent's clothing uncovered fibers and materials commonly found in a shoe shop. This was held to be sufficient to support a search warrant for they must be tested in a common sense and realistic fashion.

So, in the case at bar, the informant was stripped and searched prior to entering the building, was given money, the serial numbers of which were recorded by the police, was kept under surveillance until entering the apartment, was seen leaving the apartment, supplied a plastic baggie of what was believed to be marijuana, was stripped and searched again as well as the automobile. All of this forms a sufficient basis to believe the informant's testimony that she purchased the marijuana while in the apartment.

It is the conclusion of this court that the district magistrate did have sufficient reliable information upon which to make an independent judgment that the information being supplied through the affidavit was credible and that the informant was reliable.

So holding, the motion to suppress is denied.

This opinion is entered in support of a previous order of suppression entered by this court.