## Vandruff *et al. versus* Rinehart.

If one having testamentary capacity is unable from palsy or other cause to make his signature or mark to his will, another person may steady his hand and aid him in so doing; and it is not necessary to prove an express request from the testator for such assistance.

Such act is the testator's own, performed with the assistance of another, and not the act of another done under authority from the testator.

Error to the Court of Common Pleas of *Greene county.*

This was a feigned issue to try the validity of the will of John Rinehart, deceased, dated September 1st, 1854, in which issue the plaintiffs in error were defendants below.

The will was written by Mr. Lucas by the testator's direction. He examined it carefully, and it being satisfactory Mr. Lucas wrote his (testator's) name to it, and testator attempted to make his mark to it, but being badly affected with the palsy was unable to do so without assistance, and Mr. Lucas steadied his hand while he made his mark. Mr. Lucas in his testimony says " the testator could not have held the pen to write his name." It did not appear affirmatively that testator expressly requested Mr. Lucas to steady his hand, but after it was executed he requested Mr. Lucas " to take it and keep it locked up," which he did. The will was witnessed by Lewis Jennings and John D. Whitaker. Defendants below, on the trial, presented the following points :—

" 1. That it is essential to the validity of this will that it be signed by the testator, or by some person in his presence, and by his express direction, unless prevented by the extremity of his last sickness; and if it be otherwise signed, no subsequent ratification by the testator will give it validity.

" 2. That the signing of the will by the testator, by mark or otherwise, or by some one in his presence, by his express direction, must in either case be proved by two witnesses; and these facts cannot be presumed from the silence or the conduct of the testator, after the alleged will was signed; and in the absence of such proof, the plaintiffs cannot recover.

" 3. That if the hand of the testator in making his mark was guided and directed by another person, it must appear affirmatively, by the testimony of two witnesses at least, that it was done by his express direction; otherwise plaintiffs cannot recover.

" 4. That neither of the witnesses having testified that the testator affixed his mark to the will himself, or expressly directed some one to do it in his presence, its execution is not therefore sufficiently proved."

Which the court (Gilmore, P.) answered as follows :—

" To the first, second, third, and fourth points put by defendant's counsel, the court answered, that if the evidence of Whitaker,

Jennings, and Lucas is believed, the execution of the will is sufficiently proved."

And this answer is the error complained of.

*Black & Phelan* and *Sayers & Donney*, for plaintiffs in error.— The Act of 8th April, 1833, says: "Every will shall be in writing, and, unless the person making the same shall be prevented by the extremity of his last sickness, shall be signed by him at the end thereof, or by some person in his presence, or by his express direction; and in all cases shall be proved by the oaths or affirmations of two or more competent witnesses, otherwise such will shall be of no effect." There can, we think, be no mistaking the provisions of this law. Drawn with singular clearness and precision, it would certainly seem to cover every conceivable case. If prevented by the extremity of last sickness from signing or requesting some one else to do so, the will is valid, all other things being regular. But where there is ability, the testator must sign himself, or expressly request some one else to do so. In either event the act must be his own. If another signs for him it must be at his own order. The law neither contemplates nor allows a joint execution, or a signing by proxy without express authority. It must be the testator's own voluntary, unaided act—otherwise the signing cannot be by him. Aside from the fraud which would inevitably result from such a departure from the plain requirement of the Act of Assembly, as is now proposed, where would be the certainty of the rule?

There being no pretence that the testator expressly requested Mr. Lucas to assist him in making his mark, this will can only be sustained then on the ground that he made the cross or mark himself—a position utterly preposterous, for the testator was virtually as incapable of such an act as a dead man, as is fully shown by all the testimony. The Act of Assembly therefore providing expressly for such a case, there can be no room for an execution by implication or presumption. But we think there is abundant authority for a rigid adherence to the letter as well as the spirit of the Act of Assembly: Stevens and Wife *v.* Vancleve, 4 *W. C. C. R.* 263; Dunlap *v.* Dunlap, 10 *Watts* 153; Cavett's Appeal, 8 *W. & S.* 21; Asay *v.* Hoover, 5 *Barr* 32; Grabill *v.* Barr, *Id.* 441; Greenough *v.* Greenough, 1 *J.* 489.

With these views, it is respectfully submitted that the court erred in its answer to the defendant's points; for, to give the testimony of *Jennings*, of *Whitaker*, and of Lucas entire credit, it does not prove such an execution of the alleged will as the law requires; and so the jury should have been charged.

*Lindsey* and *Buchanan*, for defendant in error.

November 19th, 1857, the opinion was delivered

[Vandruff *et al. v.* Rinehart.]

PER CURIAM.—If one having testamentary capacity, is unable from palsy or other cause to steady his hand so as to make to his will the signature required by law, another person may hold his hand and aid him in so doing; and it is not necessary to prove any express request from the testator for such assistance. The act is his own with the assistance of another, and not the act of another under authority from him. This principle is the only one questioned here. It was rightly decided.

Judgment affirmed.