# Novicki *v.* O'Mara, Appellant.

*Wills—Probate—Testamentary capacity—Evidence—Burden of proof.*

1. Where a testator has for some weeks been physically sick and mentally incapable of transacting business, the burden of proof is on proponent of a contested will to show deceased's mental restoration at the date of the will.

2. Where the beneficiary under a contested will is a young woman who had been a member of testator's family as a foster daughter for twenty years, beginning when she was under three years of age, and where deceased declared that she should have his property, these facts tend to show that the will was such as he would have naturally made.

3. Less capacity is usually required to make a will than to transact ordinary business.

*Will—Probate—Signature—Extremity of last sickness—Lack of eyesight—Act of June 7, 1917, P. L. 403—Signature by mark—Implied direction to sign testator's name.*

4. Where a testator with testamentary capacity is not prevented from signing his will because of the extremity of his last sickness, but because of lack of eyesight, the case falls within section 3 and not section 2 of the Act of June 7, 1917, P. L. 403, and it is not necessary to show that the person who signed testator's name to the latter's mark was expressly directed and authorized by the testator to do so.

5. In such case where it appears that testator came to a table and joined in making his mark, it demonstrated that the name was written by his authority and constituted a sufficient execution.

6. The direction and authority given in section 3 of the Act of 1917 to sign a testator's name may be either express or implied.

7. It is not necessary that a scrivener of a will be brought face to face with a testator who signed it by his mark.

8. It is not necessary that the witnesses of a will recall all the circumstances connected with its execution; nor even that they are subscribing witnesses; nor is it important that a testator has assistance in signing his name or making his mark.

*Statutes—Constructions—Change of language in different sections—Act of June 7, 1917, P. L. 403—Wills—Signature.*

9. A change of language in separate provisions of a statute is prima facie evidence of a change of intent.

10. The omission of the word "express" in the third section of the Act of June 7, 1917, P. L. 403, after its use in the second section, indicates a change of intent, and that the legislature intended the direction of a testator as to his signature might be either express or implied.

Argued April 14, 1924. Appeal, No. 193, Jan. T., 1924, by defendant, from judgment of C. P. Luzerne Co., Jan. T., 1922, No. 492, on verdict for plaintiff, in case of Katie Mackin Novicki v. Catherine O'Mara. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Issue devisavit vel non. Before JONES, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were various instructions, quoting record.

*W. L. Pace,* with him *Wm. W. Hall* and *J. Harold Flannery,* for appellant.—In the absence of the legally required double proof that testator was unable to sign his own name to said alleged will no valid execution of will by P. J. Mackin is proven or established, for it has been repeatedly held that the right to call on another to write his name only arises on the personal inability of testator to do it for himself. He must sign if he be able to do so, and, to validate the signing of testator's name by another, two things must concur and both must be expressly established by the oaths of at least two witnesses: (1) That the party was incompetent to the task of affixing his own proper signature; and (2) an express request emanating from him to some third person as his substitute and amanuensis, complied with in his presence: Showers v. Showers, 27 Pa. 485, 489; Cavett's App., 8 W. & S. 21; Dunlop v. Dunlop, 10 Watts 153; Spring Garden v. Wistar, 18 Pa. 195; Asay v. Hoover,

5 Pa. 21; Ruoff's App., 26 Pa. 219; Irvine's Est., 206 Pa. 1; Wall v. Wall, 123 Pa. 545; Grabill v. Barr, 5 Pa. 441; Vernon v. Kirk, 30 Pa. 218.

*Quincy A. Gates,* for appellee, cited: Cauffman v. Long, 82 Pa. 72; Hopkin's Est., 277 Pa. 157; Dawson's Est., 277 Pa. 168.

OPINION BY MR. JUSTICE WALLING, May 12, 1924:

Peter J. Mackin, of Luzerne County, died June 6, 1919. There was admitted to probate, as his last will, a writing as follows: "I, Peter J. Mackin of the Borough of Exeter, Luzerne County, Pennsylvania do make and declare this my last will and testament. I give, devise and. bequeath to Katie Mackin, long a member of my household and having since she became a member thereof borne my name, all my estate of whatever kind. In witness whereof I have hereunto caused my hand and seal to be set this 31st day of March, 1919:

"P. J. X̄ MACKIN.    Seal."
<sub>his / mark</sub>

Jacob S. VanCampen and Harry Brann signed as witnesses in due form. From which probate Mackin's sister, Catherine O'Mara, appealed to the orphans' court, where testimony was taken and an issue to determine whether he had testamentary capacity and whether the writing was his last will was certified to the court of common pleas. In the issue, Katie Mackin Novicki, named as sole legatee, was made plaintiff (proponent) and Catherine O'Mara defendant (contestant). The trial court sustained the jury's finding for proponent and contestant has appealed.

An examination of the record discloses no cause for reversal. Mackin, who was about sixty years of age, had suffered an apoplectic stroke in 1915 which paralyzed his left side and from which he never recovered; but his testamentary capacity was supported by the opinions of the subscribing witnesses and one John J. Dunn, present

at the execution of the will, also by the evidence of the proponent and two neighbors, all very familiar with Mackin and competent to express opinions as to his capacity. This was contradicted by a larger number of witnesses, called for contestant, making a question of fact which the trial judge submitted to the jury. The criticism of the charge is void of merit; for it was both fair and adequate. The trial judge did not instruct the jury that the want of capacity must be established by positive evidence, but in a positive and not doubtful manner; that is what we have repeatedly held: Grubbs v. McDonald, 91 Pa. 236; Palmer's Est., 219 Pa. 303, 310.

Testator's wife died in January, 1919, at which time and for some weeks thereafter admittedly he was physically sick and mentally incapable of transacting any business. In view of this, the trial judge placed upon proponent the burden of showing Mackin's mental restoration at the date of the will, which was all contestant could ask.

Proponent's case was strengthened by the fact that Mr. Mackin was childless and she had been a member of his family, as a foster daughter, for more than twenty years, beginning when she was under three years of age; also by the fact that he had often declared she should have his property, which was of the approximate value of fifteen thousand dollars; hence, the will was such as he would naturally make. Her case was further helped by the rule that less capacity is usually required to make a will than to transact ordinary business: Snyder's Est., 279 Pa. 63; Guarantee Tr. & S. D. Co. v. Walker, 240 Pa. 575.

Shortly prior to the date of the will testator informed his wife's nephew, John J. Dunn, that he desired to make a will in favor of Katie Mackin, the proponent, and requested Dunn to have N. J. Mulhall, Esq., an attorney at Wilkes-Barre, come and draw it. Accordingly Dunn did the errand as requested but the attorney being busy, drew the will in his office and gave it to

Dunn, who returned to Mackin's home, called in the two subscribing witnesses and in their presence read the will to Mackin, who expressed satisfaction therewith, but, because of defective eyesight, instead of signing the will, handed the pen back to Dunn, who thereupon wrote testator's name and the latter came forward to the table and touched the pen as the mark, appearing in connection with the signature, was made. Then the subscribing witnesses signed and Dunn took charge of the will.

It is strenuously contended for the contestant that the will was not legally executed; to this we cannot assent. Section 2 of the Wills Act of June 7, 1917, P. L. 403, 405, provides, inter alia, that: "Every will shall be in writing, and, unless the person making the same shall be prevented by the extremity of his last sickness, shall be signed by him at the end thereof, or by some person in his presence and by his express direction; and, in all cases, shall be proved by the oaths or affirmations of two or more competent witnesses; otherwise such will shall be of no effect." Section 3 of the same act is: "If the testator be unable to sign his name, for any reason other than the extremity of his last sickness, a will to which his name is subscribed in his presence, by his direction and authority, and to which he makes his mark or cross, unless unable so to do,—in which case the mark or cross shall not be required,—shall be as valid as though he had signed his name thereto; Provided, That such will shall be proved by the oaths or affirmations of two or more competent witnesses." Mackin was not prevented from signing the will because of the extremity of his last sickness; therefore, the case does not fall within the second section; but he was unable to sign his name for lack of eyesight, hence the case is covered by the third section. Appellant, however, calls attention to the failure of the evidence to show that Dunn was expressly directed and authorized by Mackin to sign the latter's name to the will. Had the legislature intended to require an express direction in the third section, as it did in the sec-

ond, it would have so stated, and the omission of the word "express" in the third section indicates a change of intent, and justifies our conclusion that thereunder the direction may be either express or implied. A change of language in separate provisions of a statute is prima facie evidence of a change of intent: Endlich on the Interpretation of Statutes, sections 382, 383.

Section two as above quoted was taken from the Wills Act of 1833, P. L. 249, 4 Purdon 5120, which contained the words "express direction," and the word "express" is regarded as significant in the early cases construing that statute: see Greenough v. Greenough, 11 Pa. 489; Barr v. Graybill, 13 Pa. 396; Snyder v. Bull, 17 Pa. 54. So far as appears section three of the Wills Act of 1917 has not been construed by an appellate court, but in Picconi's Est., 4 District and County Reports 245, the Orphans' Court of Philadelphia, in a well considered opinion by Judge GEST, holds that the direction and authority therein given to sign a testator's name may be either express or implied. The witnesses to the execution of the will were testifying to what occurred long before and may have forgotten some details, but when Mackin, who had testamentary capacity, as the jury found, came to the table and joined in making his mark, it demonstrated that the name was written by his authority and constituted a sufficient execution. It is not necessary that the scrivener be brought face to face with the testator, nor that the witnesses to the will recall all the circumstances connected with its execution (White's Est., 262 Pa. 356; Greenough v. Greenough, supra; Linton's App., 104 Pa. 228), nor even that they be subscribing witnesses (Dawson's Est., 277 Pa. 168), nor is it important that a testator has assistance in signing his name or making his mark. See Hopkin's Est., 277 Pa. 157; Vandruff et al. v. Rinehart, 29 Pa. 232. The Act of Jan. 27, 1848, P. L. 16, 4 Purdon (13 ed.) 5126, authorized the execution of a will by the testator's mark; thereunder we held that he might be assisted in making

it and that it was not necessary to prove an express request from the testator for such assistance: Vandruff et al. v. Rinehart, supra; and see Cozzen's Will, 61 Pa. 196; Main v. Ryder, 84 Pa. 217. It will be observed that the Act of 1848 contained the words "direction and authority" the same as found in section three of the Act of 1917. The testimony of the three disinterested witnesses justifies the finding that it was the will of Peter J. Mackin and properly executed by him. Other assignments of error are of minor importance and need not be separately considered.

The judgment is affirmed.