## Walkiewicz Will.

Argued March 21, 1958. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Aaron Cohen,* with him *Marion E. Popiel,* for appellant.

*William J. Krzton,* with him *Esler W. Hays,* for appellee.

OPINION BY MR. JUSTICE COHEN, April 21, 1958:

This appeal comes before us from a decree of the Orphans' Court of Allegheny County *en banc* dismissing the appeal of Alexander J. Walkiewicz from the probate of a will by the Register of Wills of Allegheny County.

On June 14, 1956, Mary Ann Walkiewicz, now deceased, executed a will leaving her entire estate to the son with whom she was residing subject to the payment of certain legacies to her other children. The testatrix could not write, and therefore, signed the will by *mark,* the making of which was witnessed by two subscribing witnesses. Neither of the subscribing witnesses, however, was able to testify that the name of the testatrix was subscribed to the will in her pres-

ence. The evidence on this question was supplied by the principal beneficiary who testified that he signed the name of the testatrix to the will in her presence immediately before she made her mark. The testimony of the non-subscribing witness was corroborated by his wife.

The appellant complains that the will was improperly executed because the proof that the name of the testatrix was signed to the will in her presence did not come from the two subscribing witnesses.

The Wills Act of 1947, Act of April 24, 1947, P. L. 89, 20 P.S. §180.1-.22, applies to the Walkiewicz will. We are unanimously of the opinion that there is no basis in the act for the requirement suggested by the appellant.

Section 2 of the act provides: "If the testator is unable to sign his name for any reason, a will to which he makes his mark and to which his name is subscribed in his presence before or after he makes his mark, shall be as valid as though he had signed his name thereto: Provided, He makes his mark in the presence of two witnesses who sign their names to the will in his presence."

It will be observed that the act requires that the testator's *mark* be made in the presence of two witnesses who in turn are required to sign their names to the will in the testator's presence. However, as to the subscribing of the testator's *name*, the act provides only that this be done in testator's presence either before or after he makes his mark. The act does not require that the signing of the testator's name to the will in his presence be proved in any specified manner. See Comment, Joint State Government Commission, 20 P.S. §180.2.

In the present case through the uncontradicted testimony of non-subscribing witnesses it was established

that the testatrix's name was signed to her will in her presence. The first requirement of section 2 of the Wills Act was thereby satisfied, and consequently, the execution of the will was proper.

In the orphans' court the appellant also contended that the will was procured by undue influence and fraud, and at the time of its execution the testatrix was of unsound mind. However, these arguments were abandoned on this appeal. Since there is no substantial dispute of material fact relative to any question raised by the appellant's petition, and no error of law in the disposition thereof by the orphans' court, the decree of the court *en banc* refusing an issue directing a jury trial and dismissing the appeal from the Register of Wills is affirmed.

Decree affirmed at appellant's cost.