## Sevich Estate

*John McWilliams,* for proponent.

ACKER, J., September 25, 1972.—The register of wills has certified to this court the issue of whether the last will and testament of the deceased dated April 7, 1955, and executed by a mark of the testatrix should be admitted to probate. Testimony was taken to assist in the determination of this matter. As a result this court makes the following findings of fact.

## FINDINGS OF FACT

1. Mary Svetina Sevich died on March 27, 1972, age 82, a resident of Hickory Township, Mercer County, Pa.

2. As her next of kin, she left five sons and one daughter, all over 21 and compos mentis.

3. The assets of the estate are estimated as $13,200 real estate and $17,000 personalty.

4. That through an affidavit filed with this court it is learned that decedent was a widow at the time of her death and that, in addition to the above-mentioned children, another child died single and intestate in 1966.

5. That the will in issue is dated April 7, 1955.

6. That by the will, all of the property of testatrix is to be divided equally among the six surviving children and that her son, Nick Sevich, is to be the executor.

7. That on April 7, 1955, Nick Sevich accompanied by his mother, the decedent, and at the request of decedent came to the First National Bank in Sharon for the purpose of making a will.

8. At this time, Alex Green was in charge of the Foreign Department of the First National Bank and was able to freely converse in Croatian which was the only language that Mrs. Sevich was able to speak fluently.

9. That testatrix informed Mr. Green of her desires in Croatian to make a will.

10. That testatrix was not able to write her name because of illiteracy.

11. That at the suggestion of Mr. Green, testatrix, the son and Mr. Green ascended to the offices of Chauncey E. Brockway, an attorney with offices in the same bank building for the purpose of making a will.

12. That Mr. Brockway was informed by testatrix through Mr. Green of her desires and that the will does, in fact, reflect the desires of the testatrix.

13. That Mr. Brockway dictated the will to a secretary, whose whereabouts is not presently known, which was at that time typed and returned to Mr. Brockway's office for signature.

14. That Mr. Brockway inquired if testatrix could sign her name and was informed that she could but make a mark.

15. That the execution of the will was by testatrix making her mark first and that Mr. Green then wrote above her mark the word "her" and under it the word "mark," and that before her mark on the right front by the typewritten word "seal" he wrote "Mary" and following he wrote "Sevich Svetina."

16. That testatrix made a second mark in the same manner to which was added above the mark the word "her" and under it the word "mark" and before it "Mary" followed after the mark by "Svetina Sevich (seal)."

17. To the left of the two marks and the wording as stated above Mr. Green wrote "witnessed to mark: Alex Green."

18. As a typed portion of the will there appears: "Signed, sealed, published and declared by the said Mary Svetina Sevich a/k/a Mary Sevich Svetina as

and is her last will and testament in the presence of us who at her request has subscribed our names as witnesses thereto, in the presence of the testatrix and in the presence of each other."

19. Below the above-quoted language on the first typewritten line appears "Alex Green" and on the second line "C. E. Brockway."

20. Margaret Mitcheltree and Roberta Reichard both appeared on July 13, 1972, before the Register of Wills of this County and swore under oath that they were well acquainted with C. E. Brockway, who is now deceased, that they frequently saw him write, were well acquainted with his handwriting and that the signature appearing on the will was to their best knowledge and belief that of C. E. Brockway.

21. Likewise on July 13, 1972, Violet J. Fabrey and Carl Wachter both appeared and similarly swore as to the signature of Alex Green. Likewise both Mr. Wachter and Mrs. Fabrey appeared at the hearing of this matter and testified to the signature of Mr. Green.

22. Despite legal notice being given to all of the children of the testatrix and to the public in general of the hearing on the matter to be held on Wednesday, August 30, 1972, at 9:30 a.m. in Courtroom No. 2, no one appeared in opposition to the proposed probate of the will and counsel for Nick Sevich, the named executor, informed the court that all of the members of the family consented to the probate of the will and to Nick Sevich serving as executor.

By the Wills Act of April 24, 1947, P. L. 89, sec. 2, 20 PS §180.2, which was applicable at the time of the execution of this will, subsection (2) thereof provides:

"If the testator is unable to sign his name for any reason, a will to which he makes his mark and to which his name is subscribed in his presence be-

fore or after he makes his mark, shall be as valid as though he had signed his name thereto: Provided, He makes his mark in the presence of two witnesses who sign their names to the will in his presence."

In that the scrivener failed to comply with the requirements of the Wills Act of 1947 as to the attestation clause and in that there is but one witness, even though not a subscribing witness, who can supply the required proof as to the manner of the execution of the will, this court must reluctantly conclude that the will cannot be probated. The issue is settled by two Supreme Court cases. In Torhan's Estate, 401 Pa. 529, 164 A. 2d 920 (1960), testimony was offered by two witnesses to prove the will executed by an X. One witness testified that the second witness was not present when testatrix affixed her X to the will. The other witness testified that both witnesses were present when this occurred and that immediately thereafter he and the first witness signed the will as subscribing witnesses. The court held that this was not sufficient to establish the proper execution of the will using the two-witness rule. Quoting from Chief Justice Gibson in Hock v. Hock, 6 S. & R. 46, the rule is stated:

"Proof of execution must be made by two witnesses, each of whom must separately depose to all facts necessary to complete the chain of evidence, so that no link in it may depend on the credibility of but one."

The second case is Rhodes Will, 399 Pa. 476, 160 A. 2d 532 (1960). There, it was held that where there were not two witnesses who could testify as to the circumstances surrounding the subscription of decedent's name to the will executed by a mark and as to who made the subscription and whether it was

made in decedent's presence, proof of the execution of the will was insufficient. In both Torhan and Rhodes Will, reliance is made upon the language of Chief Justice Stern in James' Estate, 329 Pa. 273, 275, 198 Atl. 4 (1938):

"There must be strict compliance with these statutory provisions, and a will is not valid unless executed precisely in accordance therewith. If executed by mark, it is not a lawful instrument unless testator's name was subscribed in his presence and by his direction and authority."

Wherefore, in the instant case, both of the subscribing witnesses, Chauncey E. Brockway and Alex Green, are deceased and there is no other person who participated in the preparation or execution of the will available to testify with the exception of Nick Sevich, the proposed executor. Although the testimony of Mr. Sevich was candid and forthright and this court has no doubt that the will was executed in the manner testified by him, the two-witness rule presents an insurmountable burden to the probate of this will.

Wherefore, it is hereby ordered and decreed that the Register of Wills of Mercer County shall not admit to probate the instrument dated April 7, 1955, which is the subject of this action.

## ORDER

And now, September 25, 1972, it is hereby ordered and decreed that the Register of Wills of Mercer County shall not admit to probate the instrument known as the Last Will and Testament of Mary Svetina Sevich, a/k/a Mary Sevich Svetina, dated April 7, 1955.