## Brophy Estate

*Michael H. Collins,* for petitioner.
*Patrick H. Fierro,* for proponent.

RAUP, *J.*, November 30, 1976 — Before the court is an appeal from the decree of the Register of Wills admitting to probate a writing as the last will and testament of Frances E. Brophy. It is the petitioner's contention that the will was not executed in accordance with the provisions of the Act of June 30, 1972, P.L. 508, as amended, 20 P.S. §2502(2).

The facts are these: On Saturday, January 10, 1976, the attorney who drafted the will was informed that Frances E. Brophy was scheduled to undergo a major operation on Monday, and that she would like to draft a will. The attorney proceeded to the hospital, inquired as to her dictates, returned to his office and proceeded to prepare a will. The following day, Sunday, January 11, 1976, the attorney returned to the hospital and handed the will to Mrs.

Brophy to read. She was then asked if the provisions contained in the will were what she wanted and she replied "Yes." A nurse was then called into the room and asked to witness the signing. Decedent then attempted to sign her name but was unable to do so. This was the first indication the attorney had that decedent would be unable to complete her signature. Decedent was then told that since her name was already typed, it would be sufficient to make her mark and that the will would be effective. Decedent indicated she understood and then placed her mark upon the will. Thereafter the witnesses affixed their signatures to the document.

The Wills Act provides:

"Every will shall be in writing and shall be signed by the testator at the end thereof, subject to the following rules and exceptions:

". . .

"(2) Signature by mark. If the testator is unable to sign his name for any reason, a will to which he makes his mark and to which his name is subscribed in his presence before or after he makes his mark, shall be as valid as though he had signed his name thereto: Provided, That he makes his mark in the presence of two witnesses who sign their names to the will in his presence."

Herein, it is uncontested that decedent's name was not subscribed in her presence; her name appears in typewriting only, and the typewritten name was placed on the document outside her presence. When faced with situations in which a testator's name has been typed out of the presence of the testator, the courts have uniformly held that the requirement that the name be subscribed in his presence has not been met: Torhan Will, 9 Fiduciary 521 (1959), aff'd. 401 Pa. 529, 164 A. 2d 920 (1960); Barone

Estate, 2 Fiduciary 149 (1950). In Barone Estate, a case factually similar to the instant case, an attorney testified he typed decedent's name out of her presence while she was then in the hospital. The court held that because the typewritten name was placed on the document in another place, it therefore was not subscribed in her presence.

Nor does the fact that decedent acknowledged that the document was her will make the document effective. "An 'acknowledgment' by the testator that a document is his will does not meet this requirement [that the will be subscribed in the testator's presence], because it amounts merely to a statement involving a conclusion of law, and does not establish, nor even constitute evidence of, the existence of the facts and fulfillment of the conditions upon which the validity of the will depends." James' Estate, 329 Pa. 273, 277, 198 Atl. 4 (1938).

The court finds that the writing probated as the last will and testament of Frances E. Brophy was not subscribed in her presence, and therefore such writing did not constitute her will and should not have been admitted to probate.

We are not unmindful that such a result will often lead to a harsh result, and a frustration of the evident intent of the testator.* However as stated in James' Estate, supra, and reiterated on numerous occasions by other decisions: "There must be strict compliance with these statutory provisions, and a will is not valid unless executed precisely in accordance

---

* Where the proponent of the will makes a *clear showing* that the decedent intended that the document be her will and was specifically aware that her name was subscribed thereon — albeit out of her presence — we see no logical justification for denying validity to the document. However, as stated infra, the law is apparently well settled to the contrary, and cannot be remade at this judicial level.

therewith. If executed by mark, it is not a lawful instrument unless testator's name was subscribed in his presence and by his direction and authority." 329 Pa. at 275.

The proponent of the validity of the document has relied upon the case of Borromeo Estate, 21 D. & C. 2d 574 (1960). In Borromeo the testator's signature was subscribed in his presence but the testator did not make his mark at that time. Subsequently the testator placed his mark on the instrument in the presence of two witnesses. A decree of the register of wills refusing to probate the will was reversed on the basis that it is not necessary that the subscription of the testator's name and the placing by the testator of his mark on the paper be substantially contemporaneous. However, the court in Borromeo did not relax the requirement that the testator's name be subscribed in his presence.

## DECREE

And now, November 30, 1976, the appeal of Branch Holt is sustained. The decree of Mary G. Mosser, Register of Wills of Lycoming County, entered May 3, 1976 admitting to probate a certain writing as the last will and testament of Frances E. Brophy is hereby reversed.