## Bottari Estate

*Francis Recchuiti,* for appellant.
*Charles K. Plotnick,* for appellee.

TAXIS, *J.,* March 17, 1982 — The matter comes before this court on appeal from the decree of the Register of Wills of Montgomery County dated November 12, 1981, refusing to admit to probate a writing dated March 9, 1981, as the last will and testament of James Bottari.

Counsel have agreed that the testimony before the register of wills be incorporated into this record with the same force and effect as if it were presented to the court.

The facts are not in dispute and may be summarized as follows: decedent, James Bottari, died on August 29, 1981. On September 11, 1981, Bernard Bottari presented a petition to probate his father's last will dated March 9, 1981, which petition the register denied. A hearing was held before the register and probate was again denied.

At the time of the writing in dispute, decedent, a resident of Dowdin Home in Delaware County, wished to make a will. Decedent therefore called upon an old friend, Clementine Macrone, who was not an attorney. Mrs. Macrone went to the nursing home, wrote down decedent's directions, took them home and typed them. In preparing the document, Mrs. Macrone typed decedent's name beneath the space reserved for his signature. Upon her return, in the presence of two witnesses, she read the will to him and he stated that he understood it and that the terms were as he had requested. Decedent was illiterate and signed by mark. Thereafter, the two subscribing witnesses assigned their signatures.

Section 2502(2) of the Probate, Estates, and Fiduciaries Code required the register of wills to refuse probate of the writing, because decedent's name was not subscribed in his presence. Appellant then pursued the present appeal.

Section 2502 of the Probate, Estates, and Fiduciaries Code, 20 Pa.C.S.A. §2502, entitled Form and Execution of a Will, provides:

"Every will shall be in writing and shall be signed by the testator at the end thereof, subject to the following rules and exceptions: . . .

"(2) Signature By Mark. If the testator is unable to sign his name for any reason, a will to which he makes his mark *and to which his name is subscribed in his presence* before or after he makes his mark, shall be as valid as though he signed his name thereto: Provided, that he makes his mark in the presence of two witnesses who sign their names to the will in his presence."

The writing does not meet the technical requirements of section 2502(2) of the PEF Code, 20 Pa.C.S.A. §2502(2). Where a will is signed by mark rather than signature, the proponent of the will has the burden of proving that the subscription of the testator's name in writing, was made in his presence. Failure to meet this burden mandates the denial of probate: Rodel Will, 30 Fiduc. Rep. 351, aff'd 489 Pa. 399 (1980).

"Where the signature has been by mark, but the testator's name has not been subscribed in his presence, the courts have uniformly held that the will is invalid: Hunter's Est., 328 Pa. 484, 196 Atl. 35 (1938); James' Est., 329 Pa. 273, 198 Atl. 4 (1938); Orlady's Est., 336 Pa. 369, 9 A. 2d 539 (1939); Rhodes' Est., 399 Pa. 476: Torhan Will, 9 Fiduc. Rep. 521, aff'd 401 Pa. 529; Barone Est., 2 Fiduc. Rep. 149 (1950); Brophy Est., 75 D. & C. 2d 636;

Sevich Will, 57 D. & C. 2d 727." Jerokovitch Will, 30 Fiduc. Rep. 265, 488 Pa. 537, 412 A. 2d 1106 (1979). Absolute compliance with all the elements of section 2502(2) is required. "There must be a strict compliance with these statutory provisions. . . . If executed by mark, it is not a lawful instrument unless testator's name was subscribed in his presence and by his direction and authority." Torhan Will, 401 Pa. 529, 532. The appeal is therefore denied and the ruling of the Register of Wills affirmed.

Appellant then contends that section 2502(2) of the PEF Code, 20 Pa.C.S.A §2502(2), violates the Equal Protection Clause of the Federal and State Constitution. The court finds the 1979 case of Jerokovitch Will, supra, is controlling, and therefore holds that appellant's constitutional challenge is without merit.

### DECREE

And now, March 17, 1982, the appeal from the decree of the register of wills refusing to admit to probate the writing dated March 9, 1981, is hereby dismissed.