604 A.2d 1233

**GEMINI EQUIPMENT COMPANY, Appellant,**

v.

**The BOARD OF COMMISSIONERS OF SUSQUEHANNA TOWNSHIP and Blue Mountain Property Owners' Association and Mountaindale Community Association, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Dec. 19, 1991.

Decided March 6, 1992.

Petition for Allowance of Appeal
Denied July 21, 1992.

Richard H. Wix, for appellant.

John A. Roe, for appellee.

Before CRAIG, President Judge, McGINLEY, J., and BARBIERI, Senior Judge.

CRAIG, President Judge.

Gemini Equipment Company appeals from a decision of the Court of Common Pleas of Dauphin County which upheld a decision of the Board of Commissioners of Susquehanna Township denying Gemini's proposed planned residential development (PRD). We affirm.

The issue in this case is whether an alleged violation of § 708 of the Pennsylvania Municipalities Planning Code[1] (MPC), should result in the "deemed approval" of a PRD plan despite the absence of any deemed-approval provision in § 708.

The facts in this case, as found in Judge John C. Dowling's opinion, are as follows. In March of 1986, the Susquehanna Township Board of Commissioners published a new zoning ordinance. On September 24, 1986, the board published a notice of intent to adopt the new zoning ordinance. The new zoning ordinance proposed to change the densities for a PRD from between two and six residential dwelling units per net acre to 1.5 units per net acre. Also on September 24, 1986, Gemini submitted to the township its proposed PRD. Gemini's PRD proposed an average residential density of 3.75 dwelling units per net acre; thus, Gemini's PRD conformed to the previous zoning regulations but not to the proposed regulations.

On October 9, 1986, the board adopted the new zoning ordinance, which became effective immediately. On October 27, 1986, the Susquehanna Township Planning Commission met, at which time the commission directed that Gemini resubmit its proposal with corrections and revisions to conform to the new zoning ordinance.[2] Gemini resubmitted the

1. Act of 1968, P.L. 805, No. 247, *as amended,* 53 P.S. § 10708.
2. One of several issues before the trial court was whether the new zoning ordinance applied to Gemini's proposed PRD; the trial court decided that the new zoning ordinance governed Gemini's PRD. Gemini does not raise that issue in this appeal.

PRD application to the township, and at its meeting of November 24, 1986, the planning commission concluded that Gemini did not reduce the planned density as requested. On February 12, 1987, the board voted to deny the PRD.

Gemini took two actions after the board's decision; on March 11, 1987, Gemini filed with the common pleas court an action in mandamus seeking to force the board to grant approval of its PRD, and, on March 13, 1987, Gemini appealed the board's decision to the court of common pleas. The trial court consolidated the appeal and action in mandamus. On May 1, 1991, the trial court issued an opinion and order which affirmed the board's decision and dismissed Gemini's appeal and action in mandamus.

Gemini now appeals to this court,[3] seeking to overturn the trial court's decision dismissing its zoning appeal. Gemini does not at this time appeal the trial court's dismissal of its mandamus action.

■ Gemini argues that the deemed-approval provision found in § 709 of the M.P.C., 53 P.S. § 10709—which states that if the governing body fails to issue an opinion within 60 days of the public hearing, the PRD is then deemed to be approved—is applicable to § 708, which states[4]:

§ 10708. Public hearings

(a) Within 60 days after the filing of an application for tentative approval of a planned residential development pursuant to this article, a public hearing pursuant to public notice on said application shall be held by the governing body....

Thus, despite the absence of any express deemed-approval provision in § 708, Gemini argues this court should follow the deemed-approval principle if the governing body does

3. Our standard of review of a decision of a trial court in a zoning case, where the trial court has taken evidence, is whether the trial court committed an abuse of discretion or error of law. *Metzger v. Zoning Hearing Board of the Township of Warrington*, 85 Pa.Commonwealth Ct. 301, 481 A.2d 1234 (1988).

4. This controversy arose in 1986; thus, the applicable MPC sections reflect the MPC's language before the 1988 amendment.

not hold a public hearing within 60 days after the filing of the application.

Gemini also states that, without the threat of the deemed-approval provision, a governing body could delay a hearing indefinitely, and thereby also delay a prompt decision, contrary to the clear intent of § 709 to avoid delayed decisions.

However, the trial judge wrote, and we agree, that the proper statutory interpretation of § 708 is not to read a deemed-approval provision into this particular section. In *Commonwealth v. Bigelow*, 484 Pa. 476, 399 A.2d 392 (1979), the Supreme Court stated:

> Where a section of a statute 'contains a given provision, the omission of such provision from a similar [section] is significant to show a different intention existed.' *Richerson v. Jones*, 551 F.2d 918, 928 (3d Cir.1977) citation omitted). Cf. *Novicki v. O'Mara*, 280 Pa. 411, 416, 124 A. 672 (1924) ('A change in language in separate provisions of a statute is prima facie evidence of a change of intent').

*Bigelow*, 484 Pa. at 484, 399 A.2d at 395.

Thus, the legislature's decision not to include an express deemed-approval provision in § 708 indicates that the legislature did not intend that the remedy for a violation of § 708 be a deemed approval of a PRD.

Gemini further argues that this court must apply the deemed-approval principle to § 708 because § 708 states that a hearing "shall" be held within 60 days of the filing of an application.

■ However, the proper remedy available to a party who seeks to enforce that mandatory language of § 708 is the remedy of mandamus. Ryan states in his treatise, "[a]n action in mandamus seeks to compel a public official to perform an act which he is obliged to perform, and which involves no exercise of discretion...." [5]

5. Robert S. Ryan, Pennsylvania Zoning Laws and Practice, § 9.1.11, p. 24, (Vol. 2, 1981).

An analogous case to the present one is *Beekhuis v. Zoning Hearing Board of Middletown,* 59 Pa Commonwealth Ct. 307, 429 A.2d 1231 (1981). In *Beekhuis,* an applicant appealed to this court seeking to overturn a trial court's affirmance of the zoning board's denial of applicant's building permits. Applicant chose to attack the validity of the ordinance pursuant to § 1004 of the MPC, 53 P.S. 11004.[6] The zoning board scheduled a hearing 61 days after applicant filed his appeal; applicant, citing § 908(9) of the MPC, 53 P.S. § 10908(9), argued that his application was deemed to be approved. However, this court stated that § 1004 did not have a deemed-approval provision and refused to apply the deemed-approval principle because "there must be an express legislative declaration of deemed approval ... in order to have such a substantive result produced by procedural tardiness." *Beekhuis,* 59 Pa Commonwealth Ct. at 316, 429 A.2d at 1236.

Because we decline to read a deemed-approval provision into § 708, we need not discuss the merits of Gemini's claim that the board did not schedule a hearing within 60 days of the submission of Gemini's PRD.

Accordingly, the sound decision of Judge Dowling, dismissing Gemini's zoning appeal, is affirmed.

## ORDER

NOW, March 6, 1992, the decision of the Dauphin County Court of Common Pleas, No. 999–S–1987, dated May 1, 1991, is affirmed.

6. Repealed, 1988, Dec. 21, P.L. 1329, No. 170.