**LVGC PARTNERS, LP and Lebanon Valley Golf Club, Inc., Appellants**

**v.**

**JACKSON TOWNSHIP BOARD OF SUPERVISORS, Thomas Houtz, Dean Moyer and Clyde Deck.**

Commonwealth Court of Pennsylvania.

Argued April 7, 2008.
Decided May 12, 2008.

three hundred weeks after the injury, the fatal claim will be barred. Torrey, § 8.13.

Matthew L. Homsher, Mary Ann M. Cooke, Lancaster, for appellants.

Paul C. Bametzreider, David J. Tshudy, Lebanon, for appellees.

BEFORE: McGINLEY, Judge, and PELLEGRINI, Judge, and LEAVITT, Judge.

OPINION BY Judge PELLEGRINI.

LVGC Partners, LP and Lebanon Valley Golf Club, Inc. (collectively, Landown-er) appeal from an order of the Court of Common Pleas of Lebanon County (trial court) sustaining the preliminary objections filed by the Jackson Township Board of Supervisors (Board) to its mandamus complaint. In this appeal, we are asked to consider whether Section 508 of the Municipalities Planning Code's (MPC)[1] deemed approval provisions apply to a Jackson Township's subdivision and land development ordinance (SALDO) which sets a shorter time for approval or rejection of an applicant's preliminary plan than does the MPC.

Landowner owned a parcel of land that was improved with a golf course in Jackson Township (Township), Lebanon County, Pennsylvania. On December 4, 2006, during a regular public meeting before the Board, it submitted a preliminary plan to develop its property into 302 lots on which it would construct a variety of housing units, including 58 single-family dwelling units, one garden apartment lot, and 237 townhouse units. After reviewing the plan, on January 15, 2007, the Board decided to reject it in its entirety. On January 26, 2007, it sent written notice of the denial to Landowner within the 15–day notification period set forth in Section

1. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10508. That section provides, in pertinent part:

All applications for approval of a plat ..., whether preliminary or final, shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing body or the planning agency shall render its decision and communicate it to the applicant not later than 90 days following the date of the regular meeting of the governing body or the planning agency (whichever first reviews the application) next following the date the application is filed or after a final order of court remanding an application.

(1) The decision of the governing body or the planning agency shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address not later than 15 days following the decision.

* * *

(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect.

508(1) of the MPC, but beyond the five-day notification period in Section 22–303(3)(E) of the Township SALDO.[2]

 Alleging that the Board's failure to notify it of the denial of its preliminary plan within the five-day period established by Section 22–303(3)(E) constituted a deemed approval of that plan, Landowner filed a mandamus action seeking a deemed approval of its plan. The Board filed preliminary objections[3] in the nature of a demurrer arguing that failure to comply with the five-day notice requirement of the denial of a preliminary plan did not apply and resulted in a deemed approval of the application.[4]

 Granting the Board's preliminary objections, the trial court held that failure to comply with Section 22–303(3)(E) of the Township SALDO did not result in a deemed approval of Landowner's preliminary plan because that section, unlike Section 508 of the MPC, did not contain a deemed approval provision. Landowner then appealed to this Court contending that the trial court erred in finding that it

was not entitled to a deemed approval, even though the Township did not approve its preliminary plan within five days as required by its SALDO.[5]

 Deemed approvals are not favored. They result in regulatory approvals that could be at variance with the zoning provisions that were enacted to protect the health, welfare and safety of the community. As a result for there to be a deemed approval, there must be an express legislative declaration of deemed approval in a statutory or ordinance provision to have such a substantive result produced by procedural tardiness. *Beekhuis v. Zoning Hearing Board of Middletown Township,* 59 Pa.Cmwlth. 307, 429 A.2d 1231 (1981). Furthermore, in the absence of a deemed approval provision, a court will not legislate one into existence. *Major Manufacturing Corporation v. Department of Revenue,* 168 Pa.Cmwlth. 577, 651 A.2d 204, 209 (1995).

For example, in *D'Amico v. Board of Supervisors, Township of Alsace,* 106 Pa. Cmwlth. 411, 526 A.2d 479 (1987), an appli-

---

**2.** Section 22–303(3)(E) of the Township SALDO provides, in relevant part, that "[w]ithin five (5) days after the final meeting at which the Preliminary Plan is reviewed by the Township Planning Committee, the Township Planning Committee shall notify in writing the following of the action taken by the Committee regarding the Preliminary Plan: ... (6) Subdivider or his agent." We were informed at oral argument that in Jackson Township, the Board of Supervisors acts as the Township Planning Committee.

**3.** After Landowner filed its original mandamus complaint, the Board responded with a set of preliminary objections. Landowner then filed an amended mandamus complaint to which the Board again responded with preliminary objections. Landowner filed preliminary objections to the Board's preliminary objections. In response, the Board filed amended preliminary objections to Landowner's amended mandamus complaint. It is the

Board's amended preliminary objections and Landowner's amended mandamus complaint that are relevant to the instant matter.

**4.** A writ of mandamus is an extraordinary remedy that compels an official's performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff and a corresponding duty in the defendant and where there is no other adequate remedy at law. Mandamus cannot be used to compel the performance of discretionary acts in a particular way. *Lamar Advertising Company v. Zoning Hearing Board of Monroeville,* 939 A.2d 994 (Pa.Cmwlth.2007).

**5.** Our review of a trial court's order sustaining preliminary objections is limited to determining whether the trial court committed an error of law or abused its discretion. *Timothy F. Pasch, Inc. v. Springettsbury Township Board of Supervisors,* 825 A.2d 719 (Pa. Cmwlth.2003).

cant whose application for an individual sewage disposal system for his residence was denied by the township's sewage enforcement officer after nine days from the point it was filed argued that his application should be deemed approved because, under Section 7(b)(2) of the Pennsylvania Sewage Facilities Act,[6] a decision granting or denying a sewage permit was to be issued within seven days. Although he conceded that Section 7(b)(2) contained no deemed approval provision, he contended that the deemed approval of his application was appropriate and suggested that the deemed approval provision in Section 908(9) of the MPC, 53 P.S. § 10908(9), offered guidance. However, we refused to graft a deemed approval provision into Section 7(b)(2) where one was not legislatively provided.

Similarly, in *Gemini Equipment Company v. Board of Commissioners of Susquehanna Township*, 146 Pa.Cmwlth. 227, 604 A.2d 1233 (1992), an applicant argued that a board of commissioner's failure to schedule a public hearing within 60 days of the submission of its planned residential development as proscribed by Section 708 of the MPC, 53 P.S. § 10708, resulted in a deemed approval of its development despite the absence of such language in that section, because the deemed approval in Section 709 of the MPC, 53 P.S. § 10709, was applicable to Section 708. Again, in declining to extend Section 709's deemed approval provision to Section 708, we reasoned that "the legislature's decision not to include an express deemed-approval provision in [Section] 708 indicates that the legislature did not intend that the remedy for a violation of [Section] 708 be a deemed approval of a planned residential development." *Id.*, 604 A.2d at 1235. We held that the failure of the board to hold a

public hearing did not result in a deemed approval of the development.

Acknowledging that Section 22–303(3)(E) of the Township SALDO contains no "deemed approval" provision, and that Section 508(1) of the MPC establishes a 15–day period in which a municipality's governing body has to issue a decision to an applicant, Landowner, nonetheless, contends that the five-day time period should be applied because deemed approval occurs by operation of law under the MPC. It argues that because Section 508 provides that "applications for approval of a plat ..., whether preliminary or final, shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance," that provision defers to the SALDO to define the time period for approval of the preliminary plan as long as the notification is no later than 15 days. Because the SALDO here requires preliminary plan approval within five days, Landowner argues that the deemed approval provision in Section 508(1) applies against that time period which has been substituted for the 15–day time period. We disagree.

The provision that makes failure to act a deemed approval is in Section 508(3) of the MPC. It provides that "[f]ailure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required **herein** shall be deemed an approval ...," and the "herein" is the 15 days set forth in Section 508(1). Because the deemed approval only applies to the 15–day period set forth in the MPC, we cannot graft a deemed approval provision into Section 22–303(3)(E) to penalize the Board's procedural tardiness where such is expressly lacking. Consequently, Landowner does not possess a clear legal right

6. Act of January 24, 1966, P.L. (1965) 1535, *as amended*, 35 P.S. § 750.7(b)(2).

entitling it to a grant of a writ of mandamus, and the trial court did not err in sustaining the Board's preliminary objections.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 12th day of May, 2008, the order of the Court of Common Pleas of Lebanon County, dated September 27, 2007, is affirmed.