**UNITED STATES v. WINNICKI.**

**No. 8799.**

Circuit Court of Appeals, Seventh Circuit.

Aug. 4, 1945.

Rehearing Denied Sept. 18, 1945.

MINTON, Circuit Judge, dissenting.

Alexander M. Campbell and H. Hugh
Kennerk, U. S. Atty., both of Fort Wayne,
Ind., James E. Keating, Asst. U. S. Atty.,
of South Bend, Ind., Fred V. Cramer, En-
forcement Atty., Office of Price Adminis-
tration, of Indianapolis, Ind., and Tom C
Clark, Dept. of Justice, and Helen May

Bloedorn, Atty., Dept. of Justice, both of Washington, D. C., for appellant.

S. K. Frankenstein, of Fort Wayne, Ind., for appellee.

Before EVANS, KERNER, and MINTON, Circuit Judges.

KERNER, Circuit Judge.

Defendant was indicted for violating Ration Order 1A issued by the Office of Price Administration pursuant to Section 2(a) (5) of Title III of the Second War Powers Act, 50 U.S.C.A.Appendix, § 633.[1] The indictment was in three counts, and defendant's demurrer to each count was sustained. Under 18 U.S.C.A. § 682, the United States has appealed.

Defendant was charged in Count I with unlawfully receiving the transfer of four passenger automobile tires[2] and in Count III with the unlawful possession thereof.[3]

█ The pertinent provision of Ration Order 1A alleged to have been violated reads as follows:

" * * * no person, unless permitted by Ration Order No. 1A, or by an order, authorization or regulation issued by the War Production Board, shall: (1) * * * accept * * * a transfer of any tire * * *."[4]

Defendant's first contention is that Count I is defective because it uses the words "purchase and receive the transfer" instead of the regulation's words "accept * * * a transfer." We reject this contention because the words receive and accept are here legal equivalents. Webster's New International Dictionary, Unabridged (2nd ed. 1942) 2076, 14.

█ Defendant next contends that Count I of the indictment is bad because it contains no allegation that the transfer was not permitted by an order, authorization or regulation issued by the War Production Board. It is defendant's position that this was a necessary element of the offense, so that omitting to negative this possibility rendered the indictment void. We have concluded that this position is not well taken, and we decide it adversely to defendant's contention.

No one challeneges the rule that every element of a statutory offense must be stated in the indictment. The real issue here is, do the words "unless permitted by an order, authorization or regulation issued by the War Production Board" in Ration Order 1A constitute an element of the crime or do they constitute an exception? In other words, was it impossible to define the crime without saying that the transfer was

---

[1] "Any person who willfully performs any act prohibited, or willfully fails to perform any act required by, any provision of this subsection (a) or any rule, regulation, or order thereunder, whether heretofore or hereafter issued, shall be guilty of a misdemeanor, and shall, upon conviction, be fined not more than $10,000 or imprisoned for not more than one year, or both."

[2] " * * * on or about August 1, 1944, at Fort Wayne, Allen County, Indiana, in the said Fort Wayne Division of the said Northern District of Indiana, said defendant, George Winnicki, did unlawfully, wilfully, and knowingly, and contrary to the provisions of Section 2(a) (5) of Title III of the Second War Powers Act of 1942, as amended, and of Ration Order 1A, as amended, duly promulgated thereunder, which had been issued by the Price Administrator of the Office of Price Administration, which said Act and order were then and there in full force and effect, purchase and receive the transfer of four Grade I passenger automobile tires, size 600 x 16, from some person to the Grand Jurors unknown, without surrendering in exchange therefor, proper certificates is-

sued by the local War Price and Rationing Board designated to issue said certificates, such transfer not being in accordance with the provisions of said Ration Order 1A, as amended."

[3] " * * * on or about August 1, 1944, and at Fort Wayne, Allen County, Indiana, and within the jurisdiction of this court, said defendant, George Winnicki, did unlawfully, wilfully, and knowingly, and contrary to the provisions of Section 2(a) (5) of Title III of the Second War Powers Act of 1942, as amended, and Ration Order 1A, as amended, duly promulgated thereunder by the Price Administrator of the Office of Price Administration, which said Act and order were then and there in full force and effect, have in his possession four Grade I passenger automobile tires which he obtained without certificates issued therefor by the local War Price and Rationing Board designated to issue certificates for such tires, such possession not being in accordance with the provisions of said Ration Order 1A, as amended."

[4] Section 1315.801(a), 7 Fed.Reg. 9172, 8 Fed.Reg. 16246.

not permitted by an order, authorization or regulation issued by the War Production Board?

Count I states the elements of the crime. The grand jury charged that defendant purchased the tires unlawfully, contrary to the Second War Powers Act and Ration Order 1A. This excluded the idea that he had an order, authorization or regulation of the War Production Board. It carries the meaning that he had no such authorization. No other interpretation is possible because if he had had such an authorization, his receiving the tires could not have been unlawful or in violation of Ration Order 1A. Analogous precedent for giving such force and effect to the word unlawful is not wanting. Rulovitch v. United States, 3 Cir., 286 F. 315, 317–318; Feinberg v. United States, 8 Cir., 2 F.2d 955, 956; Scaffidi. v. United States, 1 Cir., 37 F.2d 203, 205. By stating that he purchased the tires unlawfully, the possibility that defendant had War Production Board authority was excluded, and thus the crime was defined without using the identical words of Ration Order 1A. No element was left out in so doing.

What is an "element" of a crime? In virtually all of the authorities we have examined in trying to answer this question as applied to the case at bar, we have found it is a positive factor, an affirmative act, such as "intent," without which there is no crime. Here, Ration Order 1A makes all transfers of tires illegal "unless" permitted by an order of the War Production Board. Since the word "unless" means except (as dictionaries define it), all transfers are illegal except authorized ones. Hence it is an exception, a matter of defense, a matter of proof of a negative factor, which takes the accused without the charge. As such, it is not an element of the crime.

Being an exception, the pleader did not have to negative it, McKelvey v. United States, 260 U.S. 353, 43 S.Ct. 132, 67 L.Ed. 301; United States v. Cook, 17 Wall. 168, 84 U.S. 168, 21 L.Ed. 538; Knight v. Hudspeth, 10 Cir., 112 F.2d 137; Nicoli v. Briggs, 10 Cir., 83 F.2d 375; Jelke v. United States, 7 Cir., 255 F. 264; Edwards v. United States, 312 U.S. 473, 61 S.Ct. 669, 85 L.Ed. 957; Queen v. United States, 64 App.D.C. 301, 77 F.2d 780; United States v. Wagoner, 7 Cir., 143 F.2d 1, and a fortiori where, as here, it is negatived by the use of the word unlawfully, the indictment is not bad.

We hesitate to condone, and thereby encourage, pleadings drafted in such manner as to fall short of perfection. But relatively more important than such a possibility is the delay (and possible avoidance of criminal liability) in effective criminal prosecution through assertion of insubstantial technicalities.

■ The object of an indictment is first, to furnish the accused with such a description of the charge against him as will enable him to prepare his defense and to plead his acquittal or conviction in bar of further prosecution for the same offense; and second, to inform the court of the charges so that it may decide whether they are sufficient in law to support a conviction. Appraised in terms of its function, this indictment is sufficient.

No harm is done to a defendant charged as this defendant was, with all the precise details furnished him by this indictment. He would know full well if he had obtained such transfer pursuant to some other Government authority, permitted by law. That was the simple factual issue. He knew it. His lawyer knew it. At the trial, if defendant had obtained an order issued by the War Production Board, entitling him to accept a transfer of any tire, it would be a simple matter to prove that fact.

■ What we have said above about Count I applies also to defendant's argument that Count III is fatally defective because it fails to negative the possibility that what is there charged could have been done under War Production Board authorization. Therefore, the argument is rejected.

■ We agree with the District Court that Count III is obviously drafted to cover Section 1315.901(e) of Ration Order 1A which reads:

"Illegal possession or use of tires. No person shall possess, use, or permit the use of any tires, * * * acquired in violation of Ration Order No. 1A * * *."[5]

The charging part of the Count states that defendant did unlawfully and contrary to Ration Order 1A "* * * have in his possession four Grade I passenger automobile tires which he obtained without certificates issued therefor by the local War Price and Rationing Board designated to issue certificates for such tires, such pos-

---

[5] 7 Fed.Reg. 9176, 8 Fed.Reg. 16247.

session not being in accordance with the provisions of said Ration Order 1A, as amended." True, the order uses the word "acquired" while Count III of the indictment uses the word "obtained." But we think that here these words are legal equivalents. Accordingly, the Count is sufficient, for it clearly means that the tires were acquired in violation of Ration Order 1A.

Other objections were urged to the sufficiency of the indictment. We find no merit in them.

■ We have not discussed Count II of the indictment. We realize that this leaves in effect the District Court's ruling that this Count must be dismissed. But we are inclined to think that the Government's case may be restricted to Counts I and III without vitally impairing it.

Accordingly, the order sustaining the demurrer to the indictment, as applying to Counts I and III of the indictment, is vacated, and the cause is remanded to the District Court for further proceedings.

MINTON, Circuit Judge (dissenting).

I am unable to agree with the majority opinion. It is alleged in the first count of the indictment that the defendant did purchase and receive the tires, describing them, without surrendering in exchange proper certificates issued by the proper Ration Board, which was a transfer in violation of Ration Order 1A. Section 1315.601 (7 Fed. Reg. 9168) of Ration Order 1A provides for issuing of the certificates by the Ration Board, and which, it was alleged, the defendant had not obtained.

Thus it will be seen that there are two escape routes provided by the regulation, and the two are joined together in that part of the regulation which defines the offense, sometimes called the enacting clause. The indictment negatived one of these escape routes, namely the absence of a permit or certificate from the Ration Board as provided in Ration Order 1A. There was no allegation to negative the other escape route, namely the order, authorization, or regulation of the War Production Board. The indictment should have negatived both of these escape routes. One cannot be made an element of the offense and the other a matter of defense.

Before the offense is made out, it must be alleged in the indictment that the defendant was not permitted by Ration Order No. 1A, or by an order, authorization, or regulation issued by the War Production Board to accept a transfer of tires. It takes the absence of both of these elements to make a violation of the regulation. The indictment alleged only the absence of one. The absence of the order, authorization, or regulation of the War Production Board was as much a part of the offense as the absence of the permit or certificate issued by the Ration Board under Ration Order 1A. Where the absence of two elements is required to make up the offense, and both appear in the enacting clause together, as they do in this case, the indictment must allege the absence of both elements. United States v. Britton, 107 U.S. 655, 670, 2 S.Ct. 512, 27 L.Ed. 520; United States v. Cook, 17 Wall. 168, 84 U.S. 168, 21 L.Ed. 538; United States v. English, 5 Cir., 139 F.2d 885, 886; Hanks v. United States, 4 Cir., 97 F.2d 309, 311; Hale v. United States, 4 Cir., 89 F.2d 578, 579, 580; United States v. Eisenminger, D.C., 16 F.2d 816, 819, 820; Breitmayer v. United States, 6 Cir., 249 F. 929, 934. The order, authorization, or regulation of the War Production Board was no exception to the offense and therefore cases like McKelvey v. United States, 260 U.S. 353, 43 S.Ct. 132, 67 L. Ed. 301, and Jelke v. United States, 7 Cir., 255 F. 264, 279, are not applicable.

Count II of the indictment charged the defendant with the violation of Ration Order 1A in that he did:

"* * * transfer four Grade I passenger automobile tires from a trailer to his passenger automobile, and did mount the same upon said automobile without authority in writing by the local War Price and Rationing Board designated to issue said authority in writing, such transfer not being in accordance with the provisions of said Ration Order 1A, as amended."

The pertinent provisions of Ration Order Number 1A, Section 1315.801 (7 Fed.Reg. 9172, 8 Fed.Reg 16246) read as follows:

"* * * no person, unless permitted by Ration Order No. 1-A or by an order, authorization, or regulation issued by War Production Board shall: * * * (3) Mount any tire or new tube upon a wheel or rim."

Count III alleged that the defendant, contrary to the provisions of Ration Order 1A as amended, did:

"* * * have in his possession four Grade I passenger automobile tires which he obtained without certificates issued

therefor by the local War Price and Rationing Board designated to issue certificates for such tires, such possession not being in accordance with the provisions of said Ration Order 1A, as amended."

The pertinent provisions of Ration Order Number 1A as amended are Section 1315.-801 (7 Fed.Reg. 9172, 8 Fed.Reg. 16246) as follows:

" * * * No person, unless permitted by Ration Order No. 1-A, or by an order, authorization, or regulation issued by the War Production Board, shall: (1) * * * accept a transfer of any tire * * * "

and Section 1315.901(e) of Ration Order Number 1A as amended (7 Fed.Reg. 9176, 8 Fed.Reg. 16247) which forbids the acceptance of the transfer of any tire, as follows:

"No person shall possess, use, or permit the use of any tires or tubes acquired in violation of Ration Order No. 1-A * * * ."

It will thus be seen that each section of Ration Order Number 1A alleged to have been violated in Counts II and III contains no provision with reference to the order, authorization, or regulation of the War Production Board just as in the pertinent section of Count I. Both the second and third counts of the indictment fail to allege that the defendant was not permitted by an order, authorization, or regulation from the War Production Board to perform the acts which he performed. For the reasons indicated as to Count I, both Counts II and III are insufficient.

The majority says "The grand jury charged that defendant purchased the tires unlawfully, contrary to the Second War Powers Act and Ration Order 1A. This excluded the idea that he had an order, authorization, or regulation of the War Production Board. It carries the meaning that he had no such authorization." An allegation that a thing is unlawfully done does not dispense with the allegation of the facts which constitute the offense. The authorities cited by the majority on this point do not in my opinion support the majority's position. In two of the cases cited by the majority it was held in indictments for conspiracy that the substantive offense is sufficiently *identified* by alleging generally that the conspiracy was for the purpose of unlawfully doing the substantive act. It is not necessary to set forth the elements of the substantive offense in the indictment for conspiracy. The substantive offense need only be identified. In the other case the offense was alleged to be the unlawful possession of intoxicating liquor. To possess liquor was the offense. To describe it as unlawful possession was enough. That was vastly different from the case at bar where to make out the offense of unlawfully acquiring tires the tires must have been acquired without a certificate of the Ration Board under Ration Order No. 1-A or without authorization of the War Production Board. The government alleged the first, but not the second, and the majority holds, as I understand it, that the allegation that it was done unlawfully dispenses with the allegation of the second.

Nor is the statement in the majority opinion that the defendant and his lawyer must have known whether he had violated the law, and if he hadn't he could have proved his innocence, aid an indictment that fails to allege the requisite facts. It has never been my understanding that the sufficiency of an indictment could be aided by speculating on whether the defendant could prove himself innocent.

The majority opinion invades the province of the District Attorney by assuming to state that it had not passed on the sufficiency of the second count, although squarely challenged on the record, as it thinks "the government's case may be restricted to Counts I and III without vitally impairing it." It impairs it one third. That would seem to me vital enough if this court had any say so in the premises. It is the District Attorney's province to determine whether the defendant shall be prosecuted on one or three counts. We have only to determine whether the counts are sufficient. If Counts I and III are good, so is Count II.

It is not easy for the public to find its way through the maze of necessary, but numerous and intricate, regulations. Courts should not add to the confusion by casting aside safeguards in criminal procedure with the casual observation that they are "insubstantial technicalities," and at the same time deploring the kind of pleadings which the court upholds. I would affirm the judgment of the District Court.