375 A.2d 384

COMMONWEALTH of Pennsylvania

v.

Gregory POINDEXTER, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 23, 1976.

Decided June 29, 1977.

566

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

■ Appellant Gregory Poindexter was arrested on December 13, 1974, and was charged with possessing an instrument of crime, possessing a prohibited offensive weapon, carrying a firearm without a license, and carrying a firearm in a public place in Philadelphia.[1] On July 7, 1975, appellant was found guilty in Philadelphia Municipal Court of carrying a firearm without a license (§ 6106) and of carrying a firearm in a public place in Philadelphia (§ 6108); appellant was given a suspended sentence on the § 6106 conviction and was placed on five years probation on the § 6108 conviction. On July 17, 1975, appellant filed a petition with the Court of Common Pleas of Philadelphia County for a writ of certiora-

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 907, 18 Pa.C.S. §§ 907, 908, 6106, 6108.

ri.[2] The Court of Common Pleas issued the writ and, after reviewing the record and finding that the Commonwealth had failed to establish an essential element of the offense, by Order dated October 23, 1975, reversed the convictions and remanded the case to the Municipal Court for a new trial. Appellant then appealed to our court, arguing that the Court of Common Pleas erred in ordering a new trial instead of arresting judgment.

It is clear that due process requires the prosecution in a criminal case to prove beyond a reasonable doubt every fact necessary to constitute the crime charged. *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). In the case before us, the Philadelphia Court of Common Pleas found that the Commonwealth had failed to prove an element of the crimes of carrying a firearm without a license and carrying a firearm in a public place in Philadelphia; specifically, the court found that the Commonwealth had failed to prove that appellant was not licensed to carry a gun. The court based this ruling on our Supreme Court's decision in *Commonwealth v. McNeil,* 461 Pa. 709, 337 A.2d 840 (1975). In *McNeil,* the Supreme Court reviewed the conviction of a person charged with violating 18 Pa.C.S. § 6106, found that the record did not contain a single word relating to the appellant's lack of a license, and ordered the appellant discharged. Although the record in the case before us reveals that the gun which appellant Gregory Poindexter was carrying at the time of his arrest had been purchased ten months prior to appellant's arrest by someone

2. Section 26 of the Schedule to Article 5 of the Pennsylvania Constitution provides: "Unless and until changed by rule of the Supreme Court, in addition to the right of appeal under section nine of this article, the judges of the courts of common pleas . . . shall have power to issue writs of certiorari to the municipal court in the City of Philadelphia. . . . ." Although the Supreme Court, by Pennsylvania Rule of Criminal Procedure 159(e), has suspended the Act of Dec. 2, 1968, P.L. 1137, No. 355, § 6, 42 P.S. § 3006, the act which previously authorized courts of common pleas to issue writs of certiorari to minor judiciary courts, the Supreme Court has not specifically abolished certiorari. We must therefore assume that the courts of common pleas retain the power to issue writs of certiorari to the Philadelphia Municipal Court in non-summary criminal cases.

other than appellant, there is no testimony to show that appellant did not have, *at the time of his arrest,* a license for the gun. The Court of Common Pleas properly found that the Commonwealth failed to sustain its burden with respect to the § 6106 offense.

At first glance, it would appear that 18 Pa.C.S. § 6106 and 18 Pa.C.S. § 6108 should be treated alike—that since the Commonwealth must prove lack of a license as an element of § 6106, it must also prove lack of a license as an element of § 6108. A close analysis of the syntax in the two sections indicates, however, that the legislature did not intend that lack of a license should be an element of a § 6108 offense. Section 6108 states: "No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless (1) such person is licensed to carry a firearm; or (2) such person is exempt from licensing under § 6106(b) of this title (relating to firearms not to be carried without a license)." [3]

**3.** 18 Pa.C.S. § 6106(b) exempts the following persons from licensing:
"(1) Constables, sheriffs, prison or jail wardens, or their deputies, policemen of this Commonwealth or its political subdivisions, or other law-enforcement officers.
(2) Members of the army, navy or marine corps of the United States or of the National Guard or organized reserves when on duty.
(3) The regularly enrolled members of any organization duly organized to purchase or receive such weapons from the United States or from this Commonwealth.
(4) The members of any organization incorporated under the laws of this Commonwealth, engaged in target shooting with rifle, pistol, or revolver, if such members are at or are going to or from their places of assembly or target practice.
(5) Officers or employes of the United States duly authorized to carry a concealed firearm.
(6) Agents, messengers and other employes of common carriers, banks, or business firms, whose duties require them to protect moneys, valuables and other property in the discharge of such duties.
(7) Any person engaged in the business of manufacturing, repairing, or dealing in firearms, or the agent or representative of any such person, having in his possession, using or carrying a firearm in the usual or ordinary course of such business.
(8) Any person while carrying a firearm unloaded and in a secure wrapper from the place of purchase to his home or place of business, or to a place of repair or back to his home or place of business, or in moving from one place of abode or business to another.

The structure of the sentence which delineates a § 6108 offense (with subsections (1) and (2) following a colon) is such that the two subsections are of equal value: the positions of the two clauses could even be reversed without changing the meaning of the sentence. Were we to hold that the Commonwealth had to prove as an element of a § 6108 offense that the accused did not have a license to carry the firearm, we would have to further conclude that the Commonwealth also had to prove, *in every case,* that the accused was not a member of an approved organization and on the way to or from target practice or a meeting, that the accused was not carrying the weapon in the ordinary course of repairing or selling firearms, in short, that the accused was not exempt under any of the numerous other exceptions enumerated in sections 6108(2) and 6106(b). The legislature did not intend the Commonwealth to sustain such an impossible burden. We believe that the legislature must have intended that subsections (1) and (2) of § 6108 be treated as setting forth defenses which, if they are to be raised at all, must be raised by the one charged with the offense.

A license to carry a gun is a permission to do so and is neither an excuse nor a justification for carrying one. Lack of a license is made an element of § 6106 offense *by definition of offense.* Hence, the Commonwealth must prove such lack. Lack of a license on the other hand is not made an element of § 6108 offense by definition [4] or other-

(9) Persons licensed to hunt or fish in this Commonwealth, if such persons are actually hunting or fishing or are going to the places where they desire to hunt or fish or returning from such places. (10) Persons training dogs, if such persons are actually training dogs during the regular training season."

4. The concurring and dissenting opinion of Judge Hoffman states that "[t]he existence of a license certainly provides a 'justification or excuse' for carrying a firearm on a public street." Possession of a license cannot be considered either an "excuse" or a "justification" for carrying a gun in a public place in Philadelphia. An "excuse" imports an acquittal, release, absolution, or forgiveness. The definition found in Webster's Third International Dictionary is: "a justifying explanation of fault or defect", and something which is "exculpating, pardoning or release." Black's Law Dictionary defines excuse as "a reason alleged for doing or not doing a thing," or "a plea

wise. The Commonwealth is not required to prove the lack of a license to sustain a § 6108 charge. We find that the Court of Common Pleas was correct in finding that the Commonwealth failed to prove appellant guilty of carrying a firearm without a license; however, we find that the court erred in ordering a new trial as to the § 6106 charge instead of arresting judgment. See *Commonwealth v. McNeil, supra.* Accordingly, the order of the court below is modified, judgment in the § 6106 charge is arrested, and the appellant is discharged of the § 6106 offense.

Inasmuch as the court below has ordered a new trial as to the § 6108 charge, and since the Commonwealth has taken no appeal, that decision even though based upon faulty reasoning must stand. The order of the court below of October 23, 1975, from which this appeal is taken, as modified with respect to the § 6106 charge, is affirmed.

HOFFMAN, J., files a concurring and dissenting opinion in which SPAETH, J., joins.

CERCONE, J., files a dissenting opinion in which SPAETH, J., joins.

HOFFMAN, Judge, concurring and dissenting:

offered in extenuation of a fault or irregular deportment", or "a matter alleged as a reason for relief for exemption from some duty or obligation." In contrast, a license indicates permission to do something. Webster's defines license as a "right or permission to . . do some act, or to engage in some transaction which but for such license would be unlawful." Black's states that a license is the authority or liberty given to do or forebear any act. Black's also defines license as a "certificate or the document itself which gives permission." An excuse is quite different from permission. Imagine a man about to get married telling his intended that he is going to the Court House to get an "excuse" to marry her. The word "justification" is defined in Chapter 5 of the Crimes Code: § 503 tells us that legal justification relates to conduct "which the actor believes to be necessary to avoid a harm or evil to himself or to another." Possessing an official document granting permission to do something is not the same as having legal "justification" for doing that thing. Applying § 103's unusual definition to § 302 does not make lack of a license an element of a § 6108 offense and does not place on the Commonwealth the burden of proving lack of a license.

I agree with Judge CERCONE that the only issue properly before us, in view of the Commonwealth's failure to file a cross-appeal, is whether the lower court erred in not arresting judgment and discharging appellant given that it properly found insufficient evidence to convict under 18 Pa.C.S. § 6106 [1] and 18 Pa.C.S. § 6108.[2] In my view, the lower court did err in refusing to arrest judgment on both counts. However, because the Majority states that the Commonwealth is not required to prove the absence of a license under § 6108, I would like to reiterate my belief, expressed in *Commonwealth v. Williams*, 237 Pa.Super. 91, 346 A.2d 308 (1975),[3] that absence of a license is a material element of the offense prohibited by § 6108. The Commonwealth has the burden of proving every essential element of the crime beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Because the Commonwealth did not produce evidence of the absence of a license, it has failed to sustain its burden of proof under § 6108. Accordingly, appellant's judgment of sentence for violation of § 6108 should be arrested and appellant should be discharged.

Section 103 of the Crimes Code,[4] in pertinent part: ". . . the following words and phrases, when used in this title shall have, unless the context clearly indicates other-

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 6106.

2. The Crimes Code, supra; 18 Pa.C.S. § 6108.

3. In *Commonwealth v. Williams*, the Majority held that *Commonwealth v. McNeil*, 461 Pa. 709, 337 A.2d 840 (1975), decided under the 1939 Crimes Code, was not retroactive and that the Commonwealth, therefore, did not have to prove absence of a license in § 6108 prosecutions tried before the Supreme Court's decision in *McNeil*. Implicitly, the Majority believe that if *McNeil* were retroactive, the Commonwealth would bear the burden of proving absence of a license beyond a reasonable doubt. I argued that the issue of McNeil's retroactivity was irrelevant because the 1972 Crimes Code, unlike the 1939 Crimes Code, explicitly made absence of a license a material element of the offense of carrying a firearm on a public street in a city of the first class.

4. The Crimes Code, supra; 18 Pa.C.S. § 103.

wise, the meanings given to them in this section: 'Element of an offense' Such conduct or such attendant circumstances or such a result of conduct as: . . . (3) negatives an excuse or justification for such conduct; . . . 'Material element of an offense' An element that does not relate exclusively to the statute of limitations, jurisdiction, venue or to any other matter similarly unconnected with: . . . (2) the existence of a justification or excuse for such conduct. . . ." Section 302(a) [5] states that: ". . . a *person is not guilty of an offense unless he acted intentionally, knowingly, recklessly, or negligently, as the law may require, with respect to each material element of the offense.*" (Emphasis supplied) Therefore, appellant is not guilty of violating § 6108 unless the Commonwealth establishes that he acted intentionally, knowingly, recklessly, or negligently with respect to each material element of the offense, as defined by section 103, prohibited by § 6108.

The existence of a license certainly provides a "justification or excuse" for carrying a firearm on a public street. Under the 1972 Crimes Code,[6] a fact which negates an excuse or justification is an element of the offense. Moreover, the absence of a license is a material element of an offense under section 6108 because it is directly connected with the existence of a justification or excuse. Because absence of a license is a material element of an offense under § 6108 the Commonwealth must prove this fact beyond a reasonable doubt. *In re Winship,* supra.

I do not now decide whether the Commonwealth must prove that the accused was not exempt at the time of arrest under § 6108(2) and § 6106(b). Quite possibly, the exemptions listed in § 6106(b) and incorporated by section 6108(2), do not constitute "justifications or excuses" under section 103 and, therefore, are not elements of the offense which the prosecution must prove. Cf. *Commonwealth v. Stoffan,* 228 Pa.Super. 127, 323 A.2d 318 (1974). Alternatively, the legis-

5. The Crimes Code, supra; 18 Pa.C.S. § 302(a).

6. The Crimes Code, supra; 18 Pa.C.S. § 101 et seq.

lature may wish to clarify the precise requirements of proof that the Commonwealth meet under § 6108.

Because the Commonwealth failed to adduce evidence that appellant did not have a firearms license at the time of his arrest, I believe that the judgment of sentence for violation of section 6108 should be arrested and appellant should be discharged.

SPAETH, J., joins in this concurring and dissenting opinion.

CERCONE, Judge, dissenting:

The instant appeal arose from an order of the Court of Common Pleas of Philadelphia County, Criminal Division, which was reviewing appellant's conviction on certiorari from the Municipal Court. The question raised on that certiorari was whether the Commonwealth had failed to sustain its burden of proving violations of Sections 6106 and 6108 of the Crimes Code [1] (Firearms not to be carried without a license; carrying firearms on public streets or public property in Philadelphia, respectively) when it failed to offer any evidence at trial in the Municipal Court that appellant did not have a license to carry the weapon in question. Based upon the authority of *Commonwealth v. McNeil*, 461 Pa. 709, 337 A.2d 840 (1975) and its progeny the Honorable Ethan Allen Doty sustained appellant's claim of insufficient evidence but, rather than arrest judgment on the charges, Judge Doty remanded the case for a new trial in Municipal Court. Only the defendant has appealed from this order.

At the outset it must be noted that the question of whether Judge Doty properly applied *McNeil* to Sections 6106 and 6108 of the Crimes Code in vacating appellant's convictions in the instant case is not before us, because the Commonwealth, which was the party aggrieved by that

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973 (1973).

determination, has not appealed.[2]  If we were to hold that the court improperly applied *McNeil* to the claimed violation of Section 6108 and reinstate the judgment entered in the Municipal Court, as the majority would prefer to do, we would be violating well-entrenched principles of appellate practice:

> "[I]t is settled that ordinarily an appellee who did not file a cross appeal is not entitled to an appellate review to obtain a decision more favorable to him than that appealed from by the other party. . . . Errors prejudicially affecting an appellee who made no cross appeal are not within the scope of appellate review, despite his objections in the court below, to those errors. . . . *Unless the decision below is reversed in favor of the appellant, it must on appeal stand even though it is not as favorable to the appellee as the evidence would have warranted, and where the decision of the court below was in part favorable and in part unfavorable to each of the adverse parties, it can be reviewed for the benefit of each party only if each party has attacked it either by appeal or cross-appeal.*" 5 Am.Jur.2d, Appeal & Error § 707 at pp. 153–54.  See also 5 C.J.S. Appeal & Error § 1498; Annotation, 1 L.Ed.2d 1820.

In the instant case we have a decision by Judge Doty that was both favorable and unfavorable to each party.  The Commonwealth was adversely affected by the court's determination of insufficient evidence and its consequential vacation of the conviction in the Municipal Court, but the Commonwealth did not appeal.  Therefore, the determination of insufficient evidence has become the law of this case.  On the other hand, appellant was aggrieved by the court's ordering a new trial after finding that the evidence was insufficient, and he did appeal that order.  Of course, since the court's finding of insufficient evidence was favorable to him, appellant has not challenged it here and, therefore, it cannot be reviewed.  Nevertheless, in an off-handed manner

2.  Indeed, the Commonwealth has not even filed a brief with this Court.

at the very end of its opinion, the majority seeks to justify its reaching the question of whether the evidence was indeed insufficient. While the reason given is cryptic at best, it appears to rest on a supposed permutation of the rule that an order of the trial court may be *affirmed* on any ground which appears in the record.[3] This is certainly a peculiar suggestion in this case, since the majority opinion is manifestly an argument for reversal and reinstatement of the judgment of the Municipal Court. In short, the majority has concluded that Judge Doty's order granting a new trial must be affirmed because it should be reversed! That paradox underscores why the majority errs in reviewing Judge Doty's determination of insufficient evidence when the Commonwealth has not appealed and is obviously willing to accept it.

Hence, the only question before us is, *given* the insufficiency of the evidence produced by the Commonwealth at the first Municipal Court trial, could the court on certiorari properly remand for a new trial, or should it have arrested judgment as appellant argues herein. In *Commonwealth v. Wright*, 449 Pa. 358, 296 A.2d 746 (1972) our Supreme Court found evidence of receiving stolen goods insufficient to prove guilt beyond a reasonable doubt and confronted the question of whether a new trial was a permissible remedy. Basing its decision on the guideline of the Act of June 15, 1951, P.L. 585, § 1, 19 P.S. § 871 (1964), the Court concluded that the only remedy was arrest of judgment and discharge of the defendant. As the Court stated:

"Where it is determined after a review of the entire record that the evidence is insufficient to sustain the charge, the trial court is mandated to discharge the defendant and dismiss the case. This act does not leave the remedy to the discretion of the court, but rather, directs the dismissal of the action and the discharge of the defendant." *Id.* 449 Pa. at 361, 296 A.2d at 748. See *Commonwealth v. Dale*, 232 Pa.Super. 213, 335 A.2d 454

3. See *Commonwealth v. Marks*, 442 Pa. 208, 275 A.2d 81 (1971); *Commonwealth v. Whitehouse*, 222 Pa.Super. 127, 292 A.2d 469 (1972).

**576**

(1975). Cf. *Commonwealth v. Henderson*, 451 Pa. 452, 304 A.2d 154 (1973); *Commonwealth v. Brown*, 234 Pa.Super. 119, 126, n. 2, 338 A.2d 659 (1975) (Dissenting Opinion by Hoffman, J.).

Therefore, the lower court erred in remanding the instant case for a new trial after it determined that the evidence was insufficient. The court should have arrested judgment and discharged appellant.

For the foregoing reasons, the order of the court below should be vacated, judgment should be arrested and appellant discharged.

SPAETH, J., joins in this dissenting opinion.