378 A.2d 961

COMMONWEALTH of Pennsylvania, Appellant,

v.

James BIGELOW, Appellee.

Superior Court of Pennsylvania.

Submitted Feb. 23, 1976.

Decided Oct. 6, 1977.

Steven H. Goldblatt, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellant.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Public Defender, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

On March 7, 1975, at approximately 9:50 P.M., two police officers observed appellee James Bigelow driving his 1966 Cadillac convertible "in a reckless manner from Germantown and Venango." The police signaled appellee to stop, and one of them observed a .38 caliber automatic pistol on the floor of the Cadillac behind the driver's seat. The weapon contained eight live rounds, including one in the chamber. Appellee was arrested and charged with carrying a firearm without a license (§ 6106), carrying a firearm on a public street in Philadelphia (§ 6108), and possessing a

prohibited offensive weapon (§ 908).[1]  Appellee was tried in Philadelphia Municipal Court, was found guilty of the § 6108 offense, and was sentenced to pay a fine of $150.00.  On certiorari to the Court of Common Pleas of Philadelphia, appellee argued that lack of a license to carry a firearm was an element of a § 6108 offense which the Commonwealth had failed to prove, and also that no evidence had been presented to prove that the offense had taken place "on the public streets or upon any public property in a city of the first class."  The Court of Common Pleas, by order dated December 10, 1975, granted appellee's petition and vacated the sentence, finding that lack of a firearms license was a necessary element of a § 6108 offense, which element the Commonwealth had failed to prove.  Appeal was taken to our court by the Commonwealth from this Order of December 10, 1975.

Section 6108 states: "No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless (1) such person is licensed to carry a firearm; or (2) such person is exempt from licensing under § 6106(b) of this title (relating to firearms not to be carried without a license)."  (Section 6106(b) exempts 10 classes of people from licensing).  The structure of the sentence which delineates a § 6108 offense is such that the two subsections are of equal value; therefore, were we to hold that the Commonwealth had to prove lack of a license as an element of a § 6106 offense, we would logically have to conclude that the legislature intended the Commonwealth to have the burden of proving that the accused was not exempt under any of the numerous exceptions set forth in § 6108(2) and § 6106(b).  Realizing that this would mean imposing an impossible burden on the Commonwealth, our Court, in *Commonwealth v. Poindexter*, 248 Pa.Super. 564, 375 A.2d 384 (1977), recently held that subsections (1) and (2) of § 6108 set forth *defenses*, not elements of the crime.  Accordingly, in keeping with our

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. §§ 6106, 6108, 908.

decision in *Poindexter*, we find in the case before us that the lower court erred in reversing the Municipal Court conviction. The Commonwealth was not obligated to prove, as an element of the offense, that appellee James Bigelow did not have a license for the gun he was carrying in violation of the law.

■ Order of the Court of Common Pleas reversed; judgment of sentence of the Municipal Court reinstated.[2]

HOFFMAN, CERCONE and SPAETH, JJ., dissent based upon Judge HOFFMAN'S Concurring and Dissenting Opinion in *Commonwealth v. Poindexter*, 248 Pa.Super. 564, 375 A.2d 384 (1977).

**2.** The Court of Common Pleas, in reaching its decision, did not find it necessary to discuss the second argument presented in appellee's Certiorari Petition, i.e., that the Commonwealth failed to establish that the offense had taken place in a city of the first class. Since we are able to determine from the record that this argument is without merit, there is not need for us to remand this case to the Court of Common Pleas for consideration of this issue. A member of the Philadelphia Police Department testified that he observed appellee driving "from Germantown and Venango" and that he arrested appellee at "18th and Venango Streets." The Philadelphia Municipal Court judge could reasonably have inferred from this testimony that appellee had committed the offense and been arrested in Philadelphia and could have taken judicial notice of the fact that Philadelphia is a city of the first class.