399 A.2d 392

**COMMONWEALTH of Pennsylvania**

v.

**James BIGELOW, Appellant.**

**COMMONWEALTH of Pennsylvania**

v.

**Phillip POPE, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 17, 1979.

Decided March 16, 1979.

John W. Packel, Chief, Appeals Div., Leonard Sosnov, Philadelphia, for appellant James Bigelow.

Harry S. Tischler, Asst. Defender, Leonard Sosnov, Philadelphia, for appellant Phillip Pope.

Robert B. Lawler, Asst. Dist. Atty., Chief, Appeals Div., Gaele McLaughlin Barthold, Asst. Dist. Atty., for appellee in both cases.

Before EAGEN, C. J., and ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

NIX, Justice.

These two appeals involve the application of our decision in *Commonwealth v. McNeil,* 461 Pa. 709, 337 A.2d 840 (1975), to section 6108 of the Uniform Firearms Act, 18 Pa.C.S.A. § 6108 (1973), and its predecessor, 18 P.S. § 4628(e.2). In *McNeil,* this Court held that the Commonwealth has the burden of affirmatively proving in prosecutions for carrying firearms without a license under former section 4628(e) of the Act, now codified at 18 Pa.C.S.A. § 6106, that the weapon involved was not licensed. We are asked to extend that burden to cases involving section 6108's prohibition upon carrying firearms on public streets or public property in Philadelphia. For the reasons that follow, we believe that the *McNeil* decision is not applicable to prosecutions under section 6108 or its predecessor, section 4628(e.2).

James Bigelow was arrested and charged with violations of sections 6106[1] and 6108[2] of the Uniform Firearms Act,

1. § 6106. Firearms not to be carried without a license

(a) Offense defined.—No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor as provided in this subchapter.

(b) Exceptions.—The provisions of subsection (a) of this section shall not apply to:

(1) Constables, sheriffs, prison or jail wardens, or their deputies, policemen of this Commonwealth or its political subdivisions, or other law-enforcement officers.

(2) Members of the army, navy or marine corps of the United States or of the National Guard or organized reserves when on duty.

(3) The regularly enrolled members of any organization duly organized to purchase or receive such weapons from the United States or from this Commonwealth.

(4) The members of any organization incorporated under the laws of this Commonwealth, engaged in target shooting with rifle, pistol, or revolver, if such members are at or are going to or from their places of assembly or target practice.

(5) Officers or employes of the United States duly authorized to carry a concealed firearm.

(6) Agents, messengers and other employes of common carriers, banks, or business firms, whose duties require them to protect moneys, valuables and other property in the discharge of such duties.

(7) Any person engaged in the business of manufacturing, repairing, or dealing in firearms, or the agent or representative of any such person, having in his possession, using or carrying a firearm in the usual or ordinary course of such business.

(8) Any person while carrying a firearm unloaded and in a secure wrapper from the place of purchase to his home or place of business, or to a place of repair or back to his home or place of business, or in moving from one place of abode or business to another.

(9) Persons licensed to hunt or fish in this Commonwealth if such persons are actually hunting or fishing or are going to the places where they desire to hunt or fish or returning from such places.

(10) Persons training dogs, if such persons are actually training dogs during the regular training season.

18 Pa.C.S. § 6106 (1973).

2. § 6108. Carrying firearms on public streets or public property in Philadelphia

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

(1) such person is licensed to carry a firearm; or

(2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

and of a weapons offense under 18 Pa.C.S.A. § 908. He was found guilty in the Municipal Court of violating section 6108, but because the Commonwealth failed to show that Bigelow did not have a license for the weapon involved—a .38 caliber automatic—the court failed to convict him under sections 6106 and 908. The Court of Common Pleas reversed the section 6108 conviction believing that our decision in *McNeil* compelled that result. The Commonwealth appealed to the Superior Court which reversed the Court of Common Pleas and reinstated the conviction, based on its earlier decision in *Commonwealth v. Poindexter*, 248 Pa.Super. 564, 375 A.2d 384 (1977).[3] *Commonwealth v. Bigelow*, 250 Pa.Super. 330, 378 A.2d 961 (1977). We granted allocatur pursuant to 42 Pa.C.S.A. § 724(a) (1978).

Phillip Pope was tried and convicted of carrying a firearm without a license in violation of section 4628(e.2)[4] of the Uniform Firearms Act, now 18 Pa.C.S.A. § 6108. Believing our *McNeil* decision to be controlling, the trial court sustained Pope's motion in arrest of judgment because the Commonwealth failed to prove that Pope lacked a license for the rifle involved. The Commonwealth appealed to the Superior Court which reversed the arrest of judgment on the basis of its *Poindexter* decision. *Commonwealth v. Pope,*

18 Pa.C.S.A. § 6108 (1973). The predecessor of this section, 18 P.S. § 4628(e.2) is set forth in note 4, *infra*.

**3.** We have reversed the Superior Court's decision in *Poindexter* on grounds other than those involved in the appeals presently before us. See *Commonwealth v. Poindexter*, 484 Pa. 472, 399 A.2d 390 (1979).

**4.** § 4628. Uniform Firearms Act

 * * * * * *

Carrying firearms on public streets or public property
(e.2) No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:
 (1) Such person is licensed to carry a firearm; or
 (2) Such person is exempt from licensing under subsection (e).
18 Pa.C.S.A. Appendix § 4628(e.2) (1973). This section is currently codified at 18 Pa.C.S.A. § 6108, the text of which is set forth in note 2, supra.

250 Pa.Super. 626, 379 A.2d 603 (1977). We granted allocatur.[5]

In *Commonwealth v. McNeil* this Court held that the absence of a license is an essential element of the crime of carrying a firearm without a license as prohibited by former section 4628(e) of the Uniform Firearms Act. This section provided in relevant part:

Firearms not to be carried without a license; exceptions (e) No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor as hereinafter provided.

\* \* \* \* \* \*

18 Pa.C.S.A. Appendix, § 4628(e) (1973). In analyzing this section, the Court stated:

The *structure of the statute* and the nature of the prohibition convince us that the absence of a license is an essential element of the crime. . . . It follows, therefore, that the Commonwealth had the burden of establishing this element beyond a reasonable doubt. *Commonwealth v. McNeil,* 461 Pa. at 715, 337 A.2d at 843 (emphasis added).

The language employed by the Court indicates that it did not intend to announce a principle applicable to all weapons offenses. Rather, the Court's ruling is based on the peculiar wording of section 4628(e). The structure and phrasing of section 6108 and its predecessor section 4628(e.2) are so different from that of section 4628(e) as to require us to conclude that the *McNeil* decision is inapposite.

In interpreting the statute before us, our goal is to ascertain and effectuate the intention of the legislature. 1

5. Appellant Pope also contends that the indictment brought against him was insufficiently specific to vest the lower court with subject matter jurisdiction. This issue was neither raised in nor considered by the Superior Court. In *Commonwealth v. Pope,* 455 Pa. 384, 317 A.2d 887 (1974), we examined the identical indictment and held that Pope was adequately notified of the violation of section 4628(e.2) of the Uniform Firearms Act. Appellant's contentions regarding subject matter jurisdiction are without merit.

Pa.C.S.A. § 1921(a) (1978–79 Supp.). In so doing, we are called upon to use a common sense approach in which words and phrases are examined according to established rules of grammar and according to their common usage. *Id.* at § 1903(a). We are guided by the presumption that the legislature did not intend a result that is absurd, unreasonable, or impossible of execution. *Id.* at § 1922(1).

For convenience, our examination of the statute involved in these cases will focus on sections 6106 and 6108 of the new crimes code, the pertinent provisions of which are set forth in notes 1 and 2, *supra.* Our analysis applies with equal vigor to the virtually identical antecedents of these sections in the old crimes code, sections 4628(e) and 4628(e.2), respectively.

■ The titles of these two sections indicate that the legislature intended that the offenses prescribed by sections 6106 and 6108 to consist of differing elements. That 6106 requires that the absence of a license is to be proven by the prosecution as an element of the crime is shown by the title of that section: "Firearms not to be carried without a license." The title of section 6108, on the other hand, merely states "Carrying firearms on public streets or public property in Philadelphia." Although this difference alone does not compel us to state that non-licensure is not an element of a section 6108 offense, it is strong evidence of such a legislative intent. *See* 1 Pa.C.S.A. § 1924 (1978–79 Supp.).

■ The language of each section also provides a key distinction. In section 6106, the phrase "without a license" appears without any words of exception. In section 6108, however, the material regarding licensure is set off by the word of exception "unless", indicating it is in the nature of a proviso. *See John V. Carr & Sons, Inc. v. United States,* 326 F.Supp. 973, 975 (U.S.Cust.Ct.1971) and cases cited therein. The purpose of a proviso is to "qualify, restrain or otherwise modify the general language of the enabling provision." *Commonwealth ex rel. Margiotti v. Lawrence,* 326 Pa. 526, 531, 193 A. 46, 48 (1937). Material placed in proviso is not

an element of the crime but rather a matter of defense and need not be either plead or proved by the prosecution. *United States v. Winnicki,* 151 F.2d 56, 58 (7th Cir. 1945) and cases cited therein.

In *McKelvey v. United States,* 260 U.S. 353, 43 S.Ct. 132, 67 L.Ed. 301 (1922), the Supreme Court of the United States had occasion to state:

> By repeated decisions it has come to be a settled rule in this jurisdiction that an indictment or other pleading founded on a general provision defining the elements of an offense, or of a right conferred, need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere, and that it is incumbent on one who relies on such an exception to set it up and establish it.

*Id.* at 357, 43 S.Ct. at 134 (citations omitted).

The United States Supreme Court has never required the prosecution to negate the language of a proviso. Such a requirement

> would have the effect of limiting the government to allegations it might be wholly unable to prove, and without subserving any useful purpose to the defendant. While the rules of criminal pleading require that the accused shall be fully apprised of the charge made against him, it should, after all, be born in mind that the object of criminal proceedings is to convict the guilty, as well as to shield the innocent; and no impracticable standards of particularity should be set up, whereby the government may be entrapped into making allegations which it would be impossible to prove. . . . Neither in criminal nor in civil pleading is it required to anticipate or negative a defense. . . . "In general," says Chitty, "all matters of defense must come from the defendant, and need not be anticipated or stated by prosecutor."

*Evans v. United States,* 153 U.S. 584, 590, 14 S.Ct. 934, 937, 38 L.Ed. 830 (1894) (citations omitted).

There is nothing in the Court's opinion in *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), that conflicts with this long-standing rule.

 That the legislature intended the licensure issue in section 6106 cases to differ from the disposition of the same issue in section 6108 cases is borne out by the differing language employed in each section. Where a section of a statute "contains a given provision, the omission of such provision from a similar [section] is significant to show a different intention existed." *Richerson v. Jones,* 551 F.2d 918, 928 (3d Cir. 1977) (citation omitted). *Cf. Novicki v. O'Mara,* 280 Pa. 411, 416, 124 A. 672 (1924) ("A change in language in separate provisions of a statute is prima facie evidence of a change of intent"). We agree with the Superior Court that "[a] close analysis of the syntax in the two sections indicates . . . that the legislature did not intend that lack of a license should be an element of a § 6108 offense." *Commonwealth v. Poindexter, supra,* 248 Pa.Super. at 568, 375 A.2d at 386. The Superior Court also observed that:

> The structure of the sentence which delineates a § 6108 offense (with subsections (1) and (2) following a colon) is such that the two subsections are of equal value: the positions of the two clauses could even be reversed without changing the meaning of the sentence. Were we to hold that the Commonwealth had to prove as an element of a § 6108 offense that the accused did not have a license to carry the firearm, we would have to further conclude that the Commonwealth also had to prove, *in every case,* that the accused was not a member of an approved organization and on the way to or from target practice or a meeting, that the accused was not carrying the weapon in the ordinary course of repairing or selling firearms, in short, that the accused was not exempt under any of the numerous other exceptions enumerated in sections 6108(2) and 6106(b). The legislature did not intend the Commonwealth to sustain such an impossible burden. We believe that the legislature must have intended that subsections

(1) and (2) of § 6108 be treated as setting forth defenses which, if they are to be raised at all, must be raised by the one charged with the offense.

A license to carry a gun is a permission to do so and is neither an excuse nor a justification for carrying one. Lack of a license is made an element of § 6106 offense *by definition of offense*. Hence, the Commonwealth must prove such lack. Lack of a license on the other hand is not made an element of § 6108 offense by definition or otherwise.

*Id.*, 248 Pa.Super. at 569–70, 375 A.2d at 386–87 (emphasis in the original) (footnote omitted).

Accordingly, we affirm the judgment of the Superior Court in the cases before us.

ROBERTS, J., filed a dissenting opinion in which MANDERINO, J., joined.

O'BRIEN, J., did not participate in the consideration or decision of this case.

ROBERTS, Justice, dissenting.

The majority holds that minor differences in the language of Sections 6106 and 6108 of the Crimes Code compel its conclusion that the Legislature intended that the allocation of the burden of proof under Section 6108 be different from that under Section 6106. I dissent.

Nothing in the language of Section 6108 compels this result. Section 6106 makes it an offense to carry a firearm without a license. Section 6108 makes it an offense to carry a firearm unless one is licensed. Both these sections create criminal liability for unlicensed possession of a firearm; they differ only in the circumstances under which such liability attaches. Under Section 6108, there is liability only for unlicensed possession on the public streets and public property in Philadelphia. Under Section 6106 unlicensed possession of a firearm creates liability everywhere except one's home or place of business.

486

In *Commonwealth v. McNeil,* 461 Pa. 709, 337 A.2d 840 (1975), this Court held that the Commonwealth has the burden of establishing the defendant is without a license in a Section 6106 prosecution. Common sense mandates that the Commonwealth bear the same burden under Section 6108. The majority's construction of Section 6108 attributes to the Legislature an hyper-technical objective which is unexpressed and unnecessary to effectuate the clear purpose of the statute. The majority's holding will unnecessarily confuse the bench, bar and public, undermine the appearance of uniform justice, and permit firearms violation convictions in Philadelphia and elsewhere in the Commonwealth on different standards.

MANDERINO, J., joins in this dissenting opinion.