399 A.2d 390

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Gregory POINDEXTER, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 17, 1979.

Decided March 16, 1979.

John W. Packel, Asst. Public Defender, Leonard Sosnov, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Gaele McLaughlin Barthold, Asst. Dist. Attys., for appellee.

Before EAGEN, C. J., and ROBERTS, NIX, MANDERINO and LARSEN, JJ.

OPINION

PER CURIAM:

Gregory Poindexter was found guilty after trial in the Municipal Court of Philadelphia of (a) carrying a firearm without a license, 18 Pa.C.S.A. § 6106 (1973), and (b) carrying firearms on public streets in Philadelphia, 18 Pa.C.S.A. § 6108 (1973).[1] He filed a petition for a writ of certiorari in the Court of Common Pleas challenging the legal sufficiency of the evidence offered by the Commonwealth in the Municipal Court trial to sustain a conviction under either Section 6106 or Section 6108. Subsequently, the Court of Common Pleas ruled the trial evidence was insufficient as a matter of law to sustain either conviction and that, hence, the petition for certiorari "must be granted and his convictions vacated." However, instead of ordering the discharge of the accused, it remanded the record to the Municipal Court for a new trial.

Poindexter filed an appeal in the Superior Court raising only the issue of the relief granted in the Court of Common Pleas and contending that, since the court ruled the trial evidence was insufficient as a matter of law, he was entitled to a discharge. The Commonwealth did not appeal.

Later, the Superior Court ruled the Court of Common Pleas erred in its ruling that the trial evidence was legally insufficient to sustain a conviction under Section 6108. That court, therefore, affirmed the order of the Court of Common Pleas directing a new trial. *Commonwealth v. Poindexter*, 248 Pa.Super. 564, 375 A.2d 384 (1977).[2] We granted allocatur and now reverse.

The following, stated in *Commonwealth v. Wright*, 449 Pa. 358, 361–62, 296 A.2d 746, 748 (1972), is controlling:

1. A five-year period of probation was imposed on the conviction of Section 6108, and sentence was suspended on the conviction of Section 6106.

2. Judge (now President Judge) Cercone filed a dissenting opinion in which Judge Spaeth joined. 248 Pa.Super. at 573, 375 A.2d at 389. Judge Hoffman filed a separate dissenting opinion in which Judge Spaeth also joined, 248 Pa.Super. at 570, 375 A.2d at 388.

"Under the Act of 1951, June 15, P.L. 585, § 1, 19 P.S. § 871, where it is determined after a review of the entire record that the evidence is insufficient to sustain the charge, the trial court is mandated to discharge the defendant and dismiss the case. This act does not leave the remedy to the discretion of the court, but rather, directs the dismissal of the action and the discharge of the defendant."

Since the Commonwealth failed to appeal the adverse ruling of the Court of Common Pleas that the trial evidence was legally insufficient to sustain the conviction, it is bound by that ruling. Cf. *Pa. H. R. Comm. v. Chester Hous. Auth.*, 458 Pa. 67, 327 A.2d 335 (1974).

The order of the Superior Court is reversed and Poindexter is ordered discharged.

O'BRIEN, J., did not participate in the consideration or decision of this case.

ROBERTS, J., joins in this opinion and filed a concurring opinion.

MANDERINO, J., filed a concurring opinion.

LARSEN, J., joins in this opinion solely on the basis of *Commonwealth v. Wright*, 449 Pa. 358, 296 A.2d 746 (1972).

ROBERTS, Justice, concurring.

I join the Opinion of the Court and note that today's decision is compelled both by statute, see Act of June 15, 1951, P.L. 585, § 1, 19 P.S. § 871 (1964), and the Constitution of the United States. See *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) (double jeopardy clause of Federal Constitution precludes retrial where Government presents insufficient evidence to sustain conviction); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978) (*Burks* applied to States).

476

MANDERINO, Justice, concurring.

The majority states that since the prosecution failed to appeal the "adverse ruling of the Court of Common Pleas," it is bound by that ruling. However, one appeals from *orders* of the Court of Common Pleas and since the order found the trial evidence insufficient but ordered a new trial, the order itself was not adverse to the prosecution. However, since the evidence was insufficient to sustain the charge, I agree with the discharge of appellant. *Commonwealth v. Wright*, 449 Pa. 358, 296 A.2d 746 (1972); *Commonwealth v. Bigelow*, 484 Pa. 476, 485–486, 399 A.2d 392, 396 (1979) (Roberts, J., dissenting).