458 A.2d 1012

**COMMONWEALTH of Pennsylvania**

v.

**Steven BROWN, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 20, 1983.

Filed April 15, 1983.

384

Howard B. Zavodnick, Philadelphia, for appellant.

J. William Ditter, III, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before CAVANAUGH, ROWLEY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in taking judicial notice of the location of a particular interstate highway milepost. Because we find judicial notice inappropriate, and thus, the evidence insufficient to support the court's jurisdiction, we must reverse the judgment of sentence and order appellant discharged.

On April 26, 1980, appellant was stopped by a Pennsylvania State Trooper on Interstate 76 and cited for speeding and driving with an expired registration. Appellant was found guilty by the District Justice and took a de novo appeal to the Montgomery County Common Pleas Court. At the non-jury trial, the trooper testified that he was positioned at mile post 290 on Route·76 when appellant entered the "zone of influence" of his stationary radar unit and was clocked at 72 miles per hour in a 55 miles per hour zone. Appellant demurred to the Commonwealth case, arguing that it had not been established that he had committed the offense in Montgomery County. The lower court took judicial notice that milepost 290 was in Upper Merion

Township, Montgomery County, and found appellant guilty. Following the denial of post-trial motions and the imposition of sentence,[1] appellant took this appeal.

Appellant contends that the lower court erred in taking judicial notice of the location of a milepost on an interstate highway. "The doctrine of judicial notice is intended to avoid the necessity for the formal introduction of evidence in certain cases when there is no real need for it,—where a fact is so well established as to be a matter of common knowledge."[2] *Albert Appeal*, 372 Pa. 13, 20, 92 A.2d 663, 666 (1952); *Commonwealth v. Varner*, 265 Pa. Superior Ct. 329, 331, 401 A.2d 1235, 1236 (1979). *See Haber v. Monroe County Vocational Tech. School*, 296 Pa. Superior Ct. 54, 60, 442 A.2d 292, 296 (1982) ("so well known in the jurisdiction"); *Siravo v. AAA Trucking Corp.*, 306 Pa. Superior Ct. 217, 220, 452 A.2d 521, 523 (1982) ("so well known and notorious throughout the community"). Courts have properly taken judicial notice of the location within a particular county of cities and towns, *see Emert v. Larami*, 414 Pa. 396, 200 A.2d 901 (1964) (Perkasie within Bucks County), townships, *see Commonwealth v. Kaiser*, 184 Pa. 493, 39 A. 299 (1898) (Upper Merion Township within Montgomery County), streets, *see Schmidt v. Allegheny County*, 303 Pa. 560, 154 A. 803 (1931) (location of highway); *Commonwealth v. Bigelow*, 250 Pa. Superior Ct. 330, 378 A.2d 961 (1977), *aff'd.* 484 Pa. 476, 399 A.2d 392 (1979) ("Germantown and Venango" streets within Philadelphia), and public arenas, *see Commonwealth v. Varner, supra* (Shippensburg Fair Grounds within Franklin County). We cannot agree with the lower court, however, that the exact location of a single milepost on an interstate highway is a proper subject for judicial notice. Although conceivably known by the lower court, the milepost's location can hardly be said to be

1. Appellant was fined $59 for speeding and $25 for driving with an expired registration.

2. We note that Pennsylvania has not adopted the Federal Rules of Evidence's alternate basis for judicially noticing facts, i.e., those "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." F.R.E. 201(b).

"notorious throughout the community," *Siravo v. AAA Trucking Co., supra,* or "a matter of common knowledge," *Albert Appeal, supra.* Accordingly, the lower court erred in taking judicial notice of the location of the offense. Because the Commonwealth failed to present sufficient evidence of the venue of the offense, we must reverse the judgment of sentence and order appellant discharged.

Judgment of sentence reversed and appellant discharged.

ROWLEY, J., files a dissenting statement.

ROWLEY, Judge, dissenting:

I respectfully dissent. I would affirm on the opinion of Judge Davenport. In the alternative, I would adopt the principle expressed in F.R.E. 201(b) and affirm the judgment of sentence.